## 19907. HARALSON COUNTY *v.* HAMRICK.

STEPHENS, J. 1. Whether a county is under any duty to post a notice giving warning to the traveling public of the defective condition of a bridge, a failure of the county authorities so to do, after having had notice of the dangerous defect in the bridge, is a fact relevant to a determination of whether a traveler injured by reason of the defective condition of the bridge was in the exercise of due care and diligence. In a petition in a suit against a county, wherein the plaintiff sought to recover damages because of the homicide of her son, caused by a defect in a bridge in a public highway, an allegation that the county authorities had failed to erect any signs to warn the deceased of the dangerous condition of the bridge, although it was alleged in the peti-

tion that this failure constituted negligence on the part of the defendant, was not subject to demurrer on the ground that no legal obligation rested upon the defendant to erect the alleged notice. The petition set out a cause of action and was good as against the general and special demurrers.

2. Since the dependency on a child by a parent which gives to the parent a right to recover for the homicide of the child need not be a total dependency, but may be only a partial dependency, and since a partial dependency by the parent upon the child is sufficient to establish dependency in the sense of the statute where the child makes substantial contributions to the parent's support (*Western Union Tel. Co.* v. *Harris*, 6 *Ga. App.* 260, 261, 64 S. E. 1123), it follows that upon the trial of a suit brought by a mother to recover for the homicide of her son, upon whom it is alleged she was dependent at the time of the death, and who, it is alleged, contributed substantially to her support, a charge of the court that it is not necessary for the plaintiff to show that she was "entirely dependent upon her son, but it must appear that she was dependent upon him to a certain extent," is not error as being misleading and confusing to the jury and as not instructing the jury that the dependency of the plaintiff upon her son must have been "substantial and real dependency," where the judge immediately, in the same connection, instructed the jury that the plaintiff must show that at the time of the death of her son he was "contributing substantially to her support." Civil Code (1910), § 4424.

3. There is no statutory duty resting upon a county to close and obstruct a bridge in a public road which is unsafe for travel, so as to prevent people traveling along the road from going upon the bridge. In a suit against a county, brought by a mother to recover for the homicide of her son, alleged to have been caused by a defect in a bridge in a public road in the county, over which the son was traveling in an automobile at night, where it appeared, from the evidence, that one of the spans in the bridge had been entirely removed, and, by reason of this fact, the automobile in which plaintiff's son was traveling ran off the bridge and he was killed, and where there was evidence which would authorize the inference that in the road, at a short distance from the bridge, there was posted a sign giving notice of the dangerous and unsafe condition of the bridge, and that the plaintiff's son observed this sign, and nevertheless proceeded onto the bridge and was injured as indicated, and where the evidence also authorized the inference that the condition of the bridge could easily have been observed by a person traveling thereon in an automobile at night, if the automobile at the time was equipped with lights, it was a question of fact for the jury as to whether the county, in failing to close and obstruct the bridge so as to prevent travelers along the road from going upon the bridge, constituted a lack of due care on the part of the county. It was error for the court to charge the jury that a duty rested on the county "to so close said bridge as would prevent any person passing on the same either in the daytime or at night."

4. A charge that the plaintiff could not recover if the defendant was negligent in failing to close the bridge or to provide notices as to its condi-

tion which could be seen by an ordinarily prudent person attempting to cross the bridge, if this negligence was apparent to the deceased, was not subject to the objection that it instructed the jury that the county would, as a matter of law, be negligent in failing to close the bridge or to provide the notices indicated under other conditions not named.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1930.

*Griffith & Matthews, J. S. Edwards,* for plaintiff in error.
*H. J. McBride,* contra.