28229. DECATUR COUNTY *v.* TAMPA WHOLESALE LIQUOR COMPANY.

DECIDED MAY 1, 1940. REHEARING DENIED JUNE 17, 1940.

*W. H. Miller, Lamar Murdaugh, C. E. Jackson,* for plaintiff in error.

*Ray Williams, A. B. Conger, MacDougald, Troutman & Arkwright,* contra.

GUERRY, J. This was an action against Decatur County for injuries sustained by reason of alleged defective approaches to a bridge on U. S. Highway No. 27, in Decatur County, which was under the supervision of that county, and in continuous use by persons traveling the highway. By amendment it was specifically alleged that it was a public bridge. In response to a general demurrer the plaintiff amended and alleged that the bridge was erected after the passage of the act of 1888 (Code, § 95-1001). Exceptions were taken to the allowance of the amendments, and to the overruling of general and special demurrers. It is provided in the Code, § 81-1302, taken from *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691, 692 (13 S. E. 809): "If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." The amendments were properly allowed. A collation of authorities and a discussion of conditions under which a county is liable to a traveler on its public bridges is fully set forth in *Warren County* v. *Battle,* 48 *Ga. App.* 240 (172 S. E. 673). The facts pleaded in the present petition, if proved, would authorize a recovery, although the statute raising the liability is not expressly referred to in the petition. Courts will take judicial cognizance of statutes of this State, and apply them to the facts presented. The damage shown was alleged to have been caused by a washout in the approach to a bridge which had occurred nine days before the accident. The liability, if any, of the county rests solely on the fact of the defect in the bridge or its approach; and strictly speaking, the failure to warn as to such defects is not a ground of negligence as against the county. Such allegations in a petition, however, are not subject to be stricken on demurrer, for the reason that they are allegations of facts which are relevant in determining whether the traveler was himself in the exercise of ordinary care for his own safety. *Haralson County* v. *Hamrick,* 41 *Ga. App.* 196 (152 S. E. 583). There was no error in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*