43548. SHERMAN STUBBS REALTY & INSURANCE, INC.
v. AMERICAN INSTITUTE OF MARKETING
SYSTEMS, INC.

PANNELL, Judge. The American Institute of Marketing Systems, Inc., brought an action against Sherman Stubbs Realty

& Insurance Company, Inc., in two counts. The first count sought recovery on a promissory note in the amount of $350 plus interest and attorney's fees. Count 2 sought recovery of $636 plus interest based upon breach of contract for failure to purchase certain items which the defendant allegedly had agreed to purchase under the contract. A copy of the note sued upon, a contract, and a notice of attorney's fees was attached to the petition. The petition as amended alleged that the plaintiff corporation was not doing business in the State of Georgia and was not qualified to do business in the State of Georgia. The defendant filed certain general demurrers and special demurrers to the petition as a whole and to the first and second counts separately. The trial judge overruled the general demurrers to the petition as a whole and to Count 1 of the petition and refused to pass upon the other demurrers on the ground that under the Civil Practice Act it was not necessary that the court pass upon the same. The defendant appeals this ruling and enumerates as error the overruling of the general demurrers to the petition as a whole and to Count 1, and also enumerates as error refusal to pass upon the other demurrers, among which was a general demurrer to Count 2 of the petition. The general demurrers argued raised the question of whether or not a foreign corporation which enters into a contract and does business in this state is precluded from recovery upon such contract because of a failure to comply with Section 1 of the Act approved January 31, 1946 (Ga. L. 1946, p. 687; *Code Ann.* § 22-1506). *Held:*

1. Whether we pass on the general demurrers as such, or treat them as motions to dismiss for failure to state a claim upon which relief can be granted (see Section 81A-112 (b) (6) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622)), the result is the same.

The title to the Act approved January 31, 1946 (Ga. L. 1946, p. 687) states that it is "An Act to prescribe certain terms and conditions upon which foreign corporations may do business in this State; to provide for filing of copy of charter thereof with the Secretary of State and the designation of an agent for service of notice and process by such corporation with provisions for service in cases where no agent upon whom service can be made [is] designated; to provide penalties and for other purposes." Section 1 of that Act (*Code Ann.* § 22-1506) provides: "Any foreign corporation, not domesti-

cated in this State, before commencing to do business in this State, shall file in the office of the Secretary of State a copy of its charter and all amendments thereto, duly exemplified by the proper officer of the State in which such corporation is incorporated; and any foreign corporation, not domesticated as aforesaid, now doing business in this State, which shall continue to do business in this State on or before July 1, 1946, shall likewise file, in said Secretary's office an exemplified copy of its charter and all amendments thereto. Upon filing such copy of its charter the corporation shall pay to the Secretary of State a fee of $10 in addition to all other taxes now or hereafter provided for by law. Any such corporation failing to comply with the provisions of this section of this Act shall be penalized by the Secretary of State in the amount of $100; and the Secretary of State shall be authorized to sue, in the name of the State, by any appropriate action, including attachment or garnishment, or both, in any court ·of this State, to recover said penalty; but upon its being made to appear to the Secretary of State that the failure to comply with these requirements was not wilful or with intent to avoid these requirements, the Secretary of State, upon the corporation complying with the requirements, may remit the penalty in whole or in part." The Act provides for an express penalty to be imposed upon the foreign corporation coming within the terms of the Act which does not comply therewith. The question is, does a failure to comply prevent the foreign corporations from suing upon the contract resulting from business done in this state. In our opinion it does not. While similar Acts in other states have received varying interpretations, and different results have been reached because of other underlying rules of law in the particular state as applied to the statute (see 20 CJS 70, Corporations § 1847; 26 Ga. B. J. 157, 164), we do not think those reaching a different result are controlling here. Acts involving restrictions on trade or common operations, etc., are to be strictly construed. *Mayor &c. of Savannah v. Hartridge*, 8 Ga. 23 (5); *Felton v. City of Atlanta*, 4 Ga. App. 183 (1) (61 SE 27). This rule, coupled with the rule that in construing statutes expressio unius est exclusio alterius (*Bailey v. Lumpkin*, 1 Ga. 392, 403), leads us to the conclusion that there was no legislative intent to impose any additional penalties, and, in the absence of general law providing such penalties, that the plaintiff in this

case had a right to sue upon the contract here involved, as well as the note given incident thereto. The trial court did not err in overruling the demurrers passed upon.

2. Demurrers, as such, including special demurrers, were abolished by the Civil Practice Act, effective September 1, 1967, and the trial court did not err in so holding. *Willis v. Hill*, 116 Ga. App. 848 (159 SE2d 145).

Assuming that the failure to rule upon the general demurrer to Count 2, treating it as a motion to dismiss, may have been error, it is a harmless error, as the second count was not subject to the demurrer as ruled in Division 1.

None of the special demurrers could be construed as a motion for a more definite statement under Section 81A-112 (e) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622), or if they could be, they were not sufficiently definite themselves, or, if sufficient, they were without merit.

3. Accordingly, the judgment must be affirmed.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED APRIL 3, 1968—DECIDED MAY 15, 1968—
REHEARING DENIED JUNE 5, 1968—CERT. 

*Payne, Barlow & Green, William O. Green, Jr.*, for appellant. *Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.*, for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, sought as to the ruling in Division 1 of the opinion, the appellant called our attention for the first time to *Code* § 22-1501, which reads as follows: "Corporations created by other states or foreign governments shall be recognized in the courts of this state only by comity, and so long as the same comity is extended in the courts of such other states or foreign governments to corporations created by this state." Appellant contends that this Code section requires a different result because the petition shows the plaintiff is a Missouri corporation and that a similar statute in Missouri provides that: "no foreign corporation, failing to comply with this chapter, (requiring registration of foreign corporations) can maintain any suit or action, either legal or equitable, in any of the courts of

this state, upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with." The motion for rehearing quotes this law of Missouri and gives a citation thereto.

Whether or not this legal contention to the effect that the use of the courts of this state should be denied a Missouri corporation doing business in this state without complying with the statutes of this state because Missouri, under similar conditions, bars a suit in the courts in that state to a Georgia corporation be a correct one, the principle, if correct, cannot be applied in the present state of the record here. First, the petition does not affirmatively show that the corporation has done or is doing business in this state. By amendment this is expressly denied. The note and contract sued upon in the respective counts of the petition and attached to the exhibits do not show that they were executed in this state or that any business was done in this state pursuant thereto. Secondly, even if we assume for the purpose of argument that the petition shows the corporation did do business in this state (as we did for the original ruling in construing our state statute), this court cannot take judicial cognizance of the law of Missouri on demurrer to a petition where the petition does not affirmatively disclose such law. While three methods of proof of foreign law have been recognized, among which is judicial recognition (*Missouri State Life Ins. Co. v. Lovelace*, 1 Ga. App. 446, 456 (58 SE 93)), the judicial notice or recognition of such laws will not occur unless the laws of the sister state are produced to the court "as published by authority." *Hamilton v. Metropolitan Life Ins. Co.*, 71 Ga. App. 784, 790 (32 SE2d 540). When this is done, no further proof is necessary. See also *Alropa Corp. v. Pomerance*, 190 Ga. 1 (1a) (8 SE2d 62); *Decatur County v. Tampa Wholesale Liquor Co.*, 62 Ga. App. 716, 717 (9 SE2d 701). The appellant's remedy is not by demurrer.

*Judgment adhered to on rehearing.*