### 24754. AVERY v. AVERY.

UNDERCOFLER, Justice. On March 30, 1968, Geneva L. Avery filed a complaint in the Superior Court of Carroll County, seeking to have a divorce decree obtained by her former husband on November 17, 1967, set aside. She alleges that when the divorce case was called for trial, her counsel was providentially prevented from attending court; that she immediately sought other counsel to represent her in the proceedings

but that a judgment had already been obtained by her husband before she and her newly employed counsel arrived at the courthouse on the date of the judgment; that she has a good defense to the divorce action; and that she is entitled to part of the property of the parties.

At a hearing the trial judge entered the following order: "The within matter coming on to be heard and after hearing evidence in said matter it appears that the plaintiff failed to prove the allegations of her petition, it is therefore on motion of the defendant, considered, ordered and adjudged that the complaint be and the same is hereby dismissed with prejudice. . ."

In his notice of appeal the attorney for the appellant stated that a transcript of evidence and proceedings would not be filed for inclusion in the record. The appellant enumerates as error the quoted judgment of the trial court. *Held:*

This court is a court for the correction of errors only and where consideration of the errors enumerated is dependent on the transcript of evidence and proceedings this court has nothing to review without such transcript. *Brown v. State,* 223 Ga. 540 (156 SE2d 454).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1968—DECIDED JULY 16, 1968.

*C. C. Perkins,* for appellant.
*Henry C. Head, Gilbert & Head,* for appellee.