## 24896. SHAW v. SHAW.

ALMAND, Presiding Justice. This appeal seeks a reversal of a decree granting a divorce and awarding the two minor children of the parties to the defendant father.

Mrs. Joy Shaw in her petition against W. F. Shaw prayed that: (a) she be granted a total divorce, (b) she be awarded permanent custody of the children, (c) the defendant be required to pay permanent alimony for their support, and (d) the defendant be required to pay attorney's fees.

The defendant husband in his answer by way of a cross action prayed that: (a) plaintiff's prayers be denied, (b) he be granted a total divorce, and (c) he be awarded custody of the children.

Both parties waiving a trial by jury, the trial court after hearing evidence ordered and decreed "that the marriage contract heretofore entered into between the parties to said case is hereby set aside and dissolved as fully and effectually as if no such contract had ever been made or entered into." The trial court awarded the children to the father with the right in the mother to have their custody for stated periods and awarded a stated sum to the wife as attorney's fees. *Held:*

1. The appeal is from this decree. There are five enumerations of error. The first three enumerations are on the general

grounds, and the fifth ground is that the award of custody of the minor children was illegal and without basis. None of these grounds can be considered because the record does not contain a brief of the evidence upon which the decree is based.

2. The fourth enumeration of error is that "the court erred in granting a divorce to both parties, on the plaintiff's original complaint and on the defendant's cross action, such a verdict constitutes an illegal verdict."

The record does not sustain this contention. The verdict-decree in this case follows the form as is prescribed in *Code Ann.* § 30-116 (Ga. L. 1946, pp. 90, 92). Though the verdict-decree in this case does not state whether it is on the plaintiff's petition or the defendant's cross action, it will be construed to be on the plaintiff's petition for divorce. *Fried v. Fried,* 208 Ga. 861 (1) (69 SE2d 862). The verdict-decree was neither inconsistent nor illegal.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*John N. Crudup,* for appellant.

*Gross, Stowe & Shepherd, Ollie Mae Stowe,* for appellee.

