25211. WHITE v. GNANN, Warden, et al.

FRANKUM, Justice. The appeal in this case is from the judgment rendered in a habeas corpus case filed in the Superior Court of Effingham County refusing to release the applicant, and remanding him to the custody of the defendant warden. Applicant's petition was based on the contentions that he was not allowed to make a telephone call to employ counsel after he was arrested; that he was denied legal counsel; that he was not given a hearing or taken before a magistrate upon being charged with the offense of larceny of an automobile; that there was no bond set, and that he was forced to enter a plea of guilty. Whether or not any of these contentions have merit depends upon the evidence as to what transpired at the time of the petitioner's arrest and subsequent detention up to the time of his trial. The judgment remanding the petitioner rendered in accordance with the requirements of

Paragraph 9 of Section 3 of the Act approved April 18, 1967 (Ga. L. 1967, pp. 835, 838; *Code Ann.* § 50-127 (9)) recites the substance of the evidence adduced on the trial. However, no transcript of the evidence was sent to this court, and we are unable in the absence of such a transcript to ascertain whether the finding of the court was supported by the evidence. It is sufficient to say that the evidence recited in the judgment amply supports the judgment remanding the petitioner to the custody of the respondent. The judgment must, therefore, be

*Affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1969—DECIDED JULY 10, 1969.

Jack W. White, *pro se.*

*J. Lane Johnson, District Attorney, Z. Vance Dasher,* for appellee.