## 26464. NICHOLS et al. v. LOVE.

HAWES, Justice. This is a habeas corpus case in which Travis Love sought to regain the custody of his minor children who had previously been awarded to the mother in a divorce action. The writ was originally directed against Mr. and Mrs. Nichols, the parents of the mother, no service being had on the mother. Thereafter, the plaintiff dismissed the action as to the mother and commenced a new action against the same parties as before. Service of the second writ was had on all parties defendant and the defendants Nichols, who it appeared had the actual custody of the children, were ordered to produce the children in court on the 11th day of December, 1970. When the case came on for a hearing on that date, plaintiff orally announced the dismissal of the first case and paid the cost therein. No written order of dismissal of the entire case was taken. However, thereafter the trial court passed an order on the 16th day of December, 1970, in the first case that service be had on the mother, but it does not appear from the record before this court that service pursuant to that order was ever had. On December 22nd, a hearing was had in the case of "Travis Love, Plaintiff, v. Henry Nichols, Merle Nichols and Claudia N. Love, Defendants," and pursuant thereto the final order appealed from awarding custody to the father was passed on January 5, 1971. The order in the record bears no case number in the trial court and we cannot tell therefrom whether it was the intention of the trial court that such order be entered in the first or in the second of the two cases. Prior to the rendition of the final order, appellants made a motion to dismiss the second case on the ground that at the time it was filed the costs had not been paid in the first case and also made a motion to vacate the order for service on the mother entered in the first case. The denial of these two motions and the entry of final judgment are enumerated as error. *Held:*

1. It is apparent that what the court did was, in effect, to consolidate the two cases for trial. Since the issues and the parties in both cases were the same, it is immaterial for the purposes of this appeal whether the final order entered was in the first or

the second case. The mother not having been properly served in the original case, the trial judge had the authority under the provisions of Sec. 21 of the Civil Practice Act (Ga. L. 1966, pp. 609, 632; *Code Ann.* § 81A-121) to pass an order for service upon her. Since it appears that service of the writ on the mother was had in the second case under the provisions of *Code* § 50-108, she was properly before the court pursuant to that writ. It appears that the children, who were the subject matter of the writ, were produced in court by the parties having actual custody of them. The court thus acquired jurisdiction of all necessary parties, and, therefore, it had jurisdiction to enter the final order appealed from.

2. A transcript of the evidence not having been filed for inclusion in the record on appeal, it will be presumed that the order appealed from was authorized by the evidence. See *Harrington v. Harrington,* 224 Ga. 305 (161 SE2d 862); *Avery v. Avery,* 224 Ga. 516 (162 SE2d 718); *Jones v. Jones,* 224 Ga. 571 (163 SE2d 692); *Shaw v. Shaw,* 224 Ga. 747 (164 SE2d 723); *Lankford v. Lankford,* 225 Ga. 147 (166 SE2d 354); *White v. Gnann,* 225 Ga. 398 (169 SE2d 301).

*Judgment affirmed. All the Justices concur.*
Submitted April 12, 1971—Decided June 2, 1971.

*John G. Davis,* for appellants.
*James M. Rea,* for appellee.

