### 26443.   THOMAS v. THOMAS.

HAWES, Justice. Plaintiff in this case originally filed her complaint for divorce and alimony, but before the trial struck her demand for a divorce and proceeded solely on her complaint seeking permanent alimony. The trial court passed an order awarding to the plaintiff the right during her natural life to have possession of certain real estate which had theretofore been jointly owned by the plaintiff and the defendant, providing in such order that the title thereto should remain jointly in the parties. The order further recites that it "appearing to the court that the plaintiff . . . and the defendant are both drawing social security benefits," no award of alimony shall be made to the plaintiff. Plaintiff appealed, and her sole

assignment of error is that the court erred in denying an award of alimony to her. No evidence was included in the record transmitted to this court and the Clerk of the Superior Court of Chatham County has certified to this court in a supplemental certificate that the evidence was not reported. Therefore, no transcript of the evidence is available for this court's consideration on the appeal.

A wife is not entitled to alimony as a matter of course, but in a case of this kind the award or denial of permanent alimony and the amount thereof, if any, is within the discretion of the trior of the facts, who was, in this case, the trial judge, and unless that discretion be abused it will not be controlled by this court. Since a determination of whether there was an abuse of discretion depends upon a consideration of the evidence, and since it is impossible for this court to know what the evidence was we have no alternative but to affirm the judgment. See *Harrington v. Harrington*, 224 Ga. 305 (161 SE2d 862); *Avery v. Avery*, 224 Ga. 516 (162 SE2d 718); *Jones v. Jones*, 224 Ga. 571 (163 SE2d 692); *Shaw v. Shaw*, 224 Ga. 747 (164 SE2d 723); *Lankford v. Lankford*, 225 Ga. 147 (166 SE2d 354); *White v. Gnann*, 225 Ga. 398 (169 SE2d 301).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 12, 1971—DECIDED JUNE 2, 1971.

*Clarence Mayfield,* for appellant.
*John Calhoun,* for appellee.