27184.   CRISP v. McGILL.

HAWES, Justice. This is a child custody case. The father brought a habeas corpus proceeding in the Superior Court of Murray County contending that he had been awarded custody of the child by virtue of an agreement entered into between him and the defendant mother which had been recognized by the General Court of Justice, District Court Division of Cherokee County, North Carolina, wherein he had been granted an absolute divorce from the defendant. Attached as an exhibit to his complaint and introduced in evidence in support of the

plaintiff's case were copies of the agreement designated as a "deed of separation" one clause of which provided that the plaintiff would have the exclusive supervision, custody, care and control of the said minor child. The judgment relied upon provided so far as material: "And it further appearing to the court, and the court finding it as a fact, that there is one minor child born of said marriage, Melissa Lynn Crisp, who is now four years old, and it further appearing to the court and the court finding it as a fact that by deed of separation made and entered into by plaintiff and defendant they have agreed between themselves upon the custody of said child." (Sic). The trial court, after hearing evidence, awarded the custody to the defendant mother. The plaintiff appeals.

1. It is fundamental that under the Full Faith and Credit Clause the courts of this State are required to give only such effect to a judgment of a sister State as it would have in that State. However, in order to ascertain what effect the judgment of the District Court of Cherokee County, North Carolina, rendered in this case would have it is necessary that the parties prove the law of North Carolina as it affects that question. *Champion v. Wilson & Co.,* 64 Ga. 184 (1); *Craven v. Bates, Kingsberry & Co.,* 96 Ga. 78 (23 SE 202); *Southern Express Co. v. Hanaw,* 134 Ga. 445 (7) (67 SE 944, 137 ASR 227). However, the record shows that the law of North Carolina was not proved. Under such circumstances, it will be presumed that the law of this State obtains, and we will apply the law of this State in interpreting and giving effect to the judgment of the trial court of North Carolina. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807, 811 (7 SE2d 737); *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674). We hold that, under the wording of the judgment quoted above, the agreement between the parties as to custody of the child did not become a part thereof. The judgment itself did not make any provision respecting custody and therefore the custody which the father had of the child from March 6,

1971, until October 17, 1971, was custody pursuant only to the agreement and not by virtue of the order of any court.

2. "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may in the exercise of its sound discretion, taking into consideration all the circumstances of the case, including the improvement of the health of the party seeking a change in custody provision, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." *Code Ann.* § 74-107. "Thus, in a contest between parents as to custody, their wishes are subrogated to this paramount issue. Parents cannot by contract control the discretion and duty of the court in determining the question of custody, and the court may disregard the contract and award the children to either parent or to a third party if the best interest of the children requires it. *Fortson v. Fortson,* 195 Ga. 750, 756 (25 SE2d 518)." *Stanton v. Stanton,* 213 Ga. 545, 549 (100 SE2d 289).

3. Without detailing the evidence, it is sufficient to say that it was sufficient to authorize the court to find that the best interest of the child in this case, a five-year-old girl, would be served by awarding her custody to the mother. The evidence showed that the mother had remarried since the divorce had become final, that she was living in a comfortable home with her husband, and that her present husband joined with her in seeking the custody of the child. There was no evidence in any way tending to show the mother's unfitness. The trial court did not err in awarding custody of the child to the mother.

*Judgment affirmed. All the Justices concur.*
ARGUED MAY 8, 1972—DECIDED SEPTEMBER 7, 1972.

*Herman J. Spence, Bobby C. Milam,* for appellant.
*J. W. Yarbrough,* for appellee.