49429. SOUCHAK v. CLOSE.

STOLZ, Judge.

The plaintiff appeals from the grant of the defendant's motion for summary judgment on the affirmative defense of accord and satisfaction. The essential facts are uncontroverted.

The parties both owned summer homes on Cape Cod in Massachussetts. The defendant's house was for sale, and the plaintiff approached him about purchasing it. On May 29, 1972, at the conclusion of a fishing trip, the plaintiff gave the defendant a check for $10,000 as down payment or earnest money on the house toward the total purchase price of $185,000. Thereafter, the plaintiff inspected the house more fully and determined that he did not want to purchase it after all. The parties' versions of their next meeting are somewhat different. The gist of both is that the plaintiff offered to allow the defendant to keep the $10,000; the defendant did not have the money to refund at the time, but expressed a willingness to do so. The summer passed and the defendant finally sold his house for $177,500.

On October 2, 1972, the defendant wrote the plaintiff the following letter: "Dear Frank & Louise, This letter is difficult for me to write as I have now sold the Cape House and closed that chapter of my life. I sold the house for $177,500 — rather than hold it for another year and

have taken a two-year note for my money. I have talked with my lawyer as well as my banker on our problem — they are not as soft-hearted as I am — so I am enclosing my check for $2,500 to cover the difference of what I lost from your agreement of $185,000 cash and what I got. I sincerely hope you and Louise can see my position on this and that we can still be friends. We sail for Italy Sat. on the Christopher Colombo out of Boston — gone about three weeks. My very best to you both — Mary sends her love. As ever, Bill." The check was payable to the plaintiff and was subsequently endorsed "for deposit only" and deposited to the plaintiff's checking account.

On November 5, 1972, the plaintiff wrote the defendant, expressing that he was "shocked, disappointed and stunned" by the defendant's aforementioned letter, and expressed the hope that the defendant had had time "to evaluate your earlier conclusion . . . and will comply with your original promise."

On November 18, 1972, the defendant again wrote the plaintiff, this time writing: "Dear Frank and Louise — I really feel very badly about the Cape house and now realize you didn't mean it when you said it was worth $10,000 just to get out of the deal. I had every intention of returning the whole sum, but with seven of your friends plus my lawyer saying I was a damned fool and since I didn't get my price, I followed their advice and now apparently have lost a friend — I'm sorry, and sorry your judgment cost you money. Sincerely, Bill."

On December 10, 1972, the plaintiff answered the defendant's last correspondence, again expressing disappointment in the defendant's conclusion and the defendant's means of arriving at such. There was no further correspondence between the parties. On April 19, 1973, the plaintiff filed the present complaint for "money had and received."

1. The plaintiff contends that the trial judge erred in applying Georgia law rather than Massachussetts law to the affirmative defense of accord and satisfaction. The initial conversations between the parties occurred in Massachussetts; the $10,000 check was given by the plaintiff to the defendant in Massachussetts; the check

was on the Crocker-Citizens National Bank, Carmel, California; the check was deposited and paid to the defendant's account in the Union National Bank of Pittsburgh, Pittsburgh, Pennsylvania; the plaintiff's permanent residence was in California, but he had other residences in Massachussetts and Florida; the defendant's permanent residence was in Atlanta, Fulton County, Georgia, but he had other residences at Cape Cod, Massachussetts and Wequetonsing, Michigan.

Briefly stated, under Massachussetts law, where a debt is liquidated and undisputed, payment of a lesser sum than the undisputed amount will not result in an accord and satisfaction, even though marked paid in full. See Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204 (103 NE 695) (1913). Such matters as whether the tender was made on condition that it be accepted as full payment, what was being settled, and whether there was a good faith dispute, are jury questions. Rosenblatt v. Holstein Rubber Co., 281 Mass. 297 (183 NE 705) (1933). In Georgia, the general rule on accord and satisfaction is that "if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidi.ted or unliquidated, disputed or undisputed." Dixie Belle Mills v. Specialty &c. Co., 217 Ga. 104, 107 (120 SE2d 771).

The matter of which law governs is controlled by Code Ann. § 81A-143 (c) (Ga. L. 1966, pp. 609,654; 1968, pp. 1104, 1108): "A party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as ruling on a question of law."

An examination of this Code section reveals two separate and distinct parts, each of which has a separate

and distinct function. The first part concerns *notice,* and requires any party "who intends to raise an issue concerning the law of another State" to "give notice in his pleadings or other reasonable written notice." This is to give the court and his adversary opportunity to prepare concerning it. The second part of the Code section concerns the *determination* of the foreign law. The second part presupposes that the first part as to notice has been complied with, and is conditional thereon. In the case before us, there is no indication in the record that either party intended to rely on any provision of foreign law. The defendant obviously would not wish to do so; the plaintiff did not do so. The Code section places the responsibility on the "party who intends to raise an issue concerning the law of another state." In this case, that responsibility rests squarely on the plaintiff. To hold otherwise on motion for summary judgment, could very well require the movant not only to prove that there were no material issues in the case under Georgia law, but also to prove the law of every other jurisdiction, and show that the laws of these states were not applicable either. This cannot be the law.

The trial judge was correct in applying Georgia law to the facts and issues in this case.

2. Next, the defendant contends that the trial judge erred, in his application of Georgia law, in ruling that the check and letters from the defendant to the plaintiff, constituted an accord and satisfaction, so as to entitle the defendant to a summary judgment.

In the case sub judice, the material facts are not in dispute. The issue presented on summary judgment is, whether reasonable minds can differ on the inferences that can be drawn from the facts. In approaching this problem, we resort to prior similar cases for guidance.

In *Motorola Communications &c., Inc. v. South Ga. Nat. Gas Co.,* 104 Ga. App. 376 (121 SE2d 672), the plaintiff sued the defendant to recover the purchase price of certain radio equipment under a written contract. The defendant supported its plea of accord and satisfaction with a canceled check which had been paid to the plaintiff and a copy of a letter stating that the same was "in full payment of this company's indebtedness." The plaintiff

acknowledged receipt of the letter and check, cashed the check, and wrote the defendant that the check was not accepted as payment in full. The trial court's sustaining of defendant's motion for summary judgment, was affirmed by this court, which stated, on p. 380, that "[t]he import of this letter was to deal with the defendant's indebtedness to the plaintiff as a whole . . ." and was not susceptible of any other construction. As to the plaintiff's reply to the defendant's letter and check, this court, quoting the Supreme Court in *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196), noted: " 'Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender.' " *Motorola,* supra, p. 379. See also *Thompson v. Hecht,* 110 Ga. App. 505, 506 (139 SE2d 126) and *Catalina, Inc. v. Woodward,* 124 Ga. App. 26, 27 (2) (182 SE2d 921). Moreover, it is not necessary that the check or accompanying correspondence contain the words "payment in full" or "in full satisfaction" or "in final settlement" or the like. Thus, in *Gulf States Construction v. Superior Rigging &c. Co.,* 125 Ga. App. 187 (186 SE2d 588), the check was not accompanied by a letter, but by a "typed description of payment detached from a check issued by Gulf States Construction, Inc., on 1/19/68 showing invoices totalling $20,062.42 less certain deductions amounting to $13,360.64, leaving a balance (the amount of the check) of $6,701.82." This court held that the accepting and cashing of the check constituted an accord and satisfaction based on the itemization of the deductions.

In construing inferences which may be involved in situations such as the one before us, great weight must be placed on the inference which was in fact drawn by the parties to the case, rather than those which it may be merely possible to draw. The record in this case contains nothing which would infer that the plaintiff thought he was receiving anything but a full payment —

to which he objected strenuously. Yet, he accepted and cashed the check. As was said in *Maxey-Bosshardt Lumber Co., Inc. v. Maxwell,* 127 Ga. App. 429, 434 (193 SE2d 885), "[w]here, as here, a party is the sole witness in his own behalf and so has naturally presented his case in its most favorable light and such showing discloses his defense has no legal validity, it is incumbent upon the courts to rule adversely to him without further ado."

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

Argued May 29, 1974 — Decided June 28, 1974.

*Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss,* for appellant.

*Alston, Miller & Gaines, Ben F. Johnson, III,* for appellee.