30470. SATTERFIELD v. SATTERFIELD.

HILL, Justice.

The parties were divorced in 1971, and their agreement as to property distribution was incorporated into the divorce decree. In 1975 the wife demanded that the former husband deed the house to her in accordance with the agreement. When he refused she brought contempt proceedings. He appeals from an order holding him in contempt.

1. The husband contends that, although the parties were divorced in 1971, since that time they have established a common law marriage. If the parties remarried, then the provisions of the 1971 divorce decree are no longer enforceable by one against the other. *Warren v. Warren,* 213 Ga. 81 (97 SE2d 349) (1957).

Whether a man and woman have entered into a common law marriage is a question of fact. See *Brown v. Brown,* 234 Ga. 300 (215 SE2d 671) (1975). In this case the trial court, after hearing the evidence, found as a fact that the parties had not formed a common law marriage and were not presently married under the laws of Georgia.

There is no transcript of the hearing. There being no transcript for us to review, we must assume that the evidence presented at the hearing was sufficient to support the findings of the trial court. *Nichols v. Love,* 227 Ga. 659 (2) (182 SE2d 439) (1971); *Avery v. Avery,* 224 Ga. 516 (162 SE2d 718) (1968).

2. The divorce decree stated that a certain house belonged to the husband. The agreement provided that upon payment of $3,000 cash to him and by paying a loan, taxes, insurance premiums, and utilities, she could live in the house rent free. The agreement also provided that "upon payment of the final payment due on said loan, [the husband] will execute to [the wife] a deed conveying the said property to her in Fee Simple."

Instead of making monthly payments on the loan until it was paid in full, the wife prepaid it in 1975. The husband argues that the agreement contemplated monthly payment of the loan and that the trial court erred in ruling that the wife's prepayment of the outstanding balance satisfied the condition precedent to the husband's obligation to transfer his interest in the house. He maintains that the provisions made for taxes, utilities, etc., indicate that the parties intended that the transfer would not take place until 1987. However, the agreement shows that the purpose of these provisions was to protect the value of the house while she was living there and while he could become liable to the lender. The trial judge did not err in finding no prohibition in the agreement to prepayment of the loan.

3. The husband argues that the agreement lacked mutuality since she could terminate the agreement at any time by prepaying the loan. However, the wife did not terminate the agreement by prepaying the loan. Instead, she completed her performance under the agreement which was a condition precedent to his performance under the agreement. He is now obligated to transfer the house to her as required by the trial court's order.

*Judgment affirmed. All the Justices concur.*

Submitted November 4, 1975 — Decided February 2, 1976.

*Clayton H. Hollingsworth, Jr.,* for appellant.
*Brinson, Askew & Berry, King Askew,* for appellee.