## 52553. WHITE FARM EQUIPMENT COMPANY v. JARRELL & CLIFTON EQUIPMENT COMPANY, INC.

WEBB, Judge.

Jarrell & Clifton Equipment Company, Inc. in 1967 entered into a tractor sales and service contract with

Oliver Corporation. Oliver later merged with Minneapolis Moline, a subsidiary of White Motor Corporation. White and Jarrell & Clifton entered into a new contract on October 18, 1973, to supersede the one previously executed. In June, 1974, White gave notice to Jarrell & Clifton that the contract was terminated, and in the following October sued Jarrell & Clifton for default in payment of its account created during the operation of the contract.

Defendant Jarrell & Clifton answered, admitted existence of the contract, and counterclaimed, among other things, for damages it claims arose out of the same contract. One part of the counterclaim, section 4 (h), seeks $25,000 "on account of loss of reputation and good-will."

Paragraph D2 (e) of the contract effective at the time of termination provides: "Neither the Company nor the Dealer shall by reason of this contract be liable to the other for compensation, reimbursement or damages either on account of present or prospective profits on sales or anticipated sales, or on account of expenditures, investments or commitments made in connection therewith or in connection with the establishment, development or maintenance of the business or good will of the Company or the Dealer, or on account of any other cause or thing whatsoever."

The contract between the parties, in Paragraph B (10), also limits the liability of White and provides that "In no event shall the Company be liable for special or consequential damages."

White moved for a summary judgment as to Paragraph 4 (h) of the counterclaim, basing its motion on the foregoing provisions of the contract admitted by Jarrell & Clifton, and that thereby no material issue of fact as to this claim remained for determination by a jury. From the trial court's denial of White's motion this appeal follows.

1. The quoted provisions of the contract relating to limitation of liability and termination liability are explicit and, to us, unambiguous. Competent parties are free to agree to whatever provisions in lawful contracts that they may choose, and here no principle of law is

contravened. If the parties agree what the damages for breach shall be, the damages are liquidated, and unless the agreement violates some principle of law, the parties are bound thereby. Code Ann. § 20-1402; *Chadwick v. Dolinoff,* 207 Ga. 702, 703 (1) (64 SE2d 76); *Ga. Ports Authority v. Norair Engineering Corp.,* 127 Ga. App. 864 (195 SE2d 199). "The UCC clearly contemplates that the method of computing a loss may be controlled by the agreement, in addition to or in substitution of methods provided by statute." *All-Co Drainage &c., Inc. v. Umstead Enterprises, Inc.,* 123 Ga. App. 244, 246 (180 SE2d 250); Code Ann. § 109A-2—719 (1) (a); 23 Mer. L. Rev. 50, 51.

2. Appellee calls our attention to Paragraph E(6) of the contract, which states: "This contract shall be construed according to the laws of the State of Delaware." Appellee says that nothing was offered in the lower court to inform us as to the rules for construction of contracts in Delaware, "and it is well settled that the courts of this state will not take judicial notice of the laws of a sister state." This latter statement in quotes is in error. See *Crowley v. Hughes,* 74 Ga. App. 531, 533 (2) (40 SE2d 570). Indeed there was no indication in the trial court that either party intended to rely on any provision of foreign law. The Civil Practice Act (Code Ann. § 81A-143 (c)) requires a party who intends to raise an issue concerning the law of another state to "give notice in his pleadings or other reasonable written notice." Here the responsibility was upon the appellee, who now attempts to raise the issue, but failed to give the required notice. *Souchak v. Close,* 132 Ga. App. 248, 251 (207 SE2d 708). The law of Delaware, in the absence of any showing to the contrary, will be taken as not contrary to the law of Georgia. *Craig v. Craig,* 53 Ga. App. 632, 636 (4) (186 SE 755). This is not amiss, because Delaware does have the Uniform Commercial Code, and Ga. Code Ann. § 109A-2 — 719 (1) (a), supra, is identical to 5A Del. C. § 2 — 719 (1) (a).

The trial court was in error in denying the motion for summary judgment.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 27, 1976.

*Spivey & Carlton, Robert S. Reeves,* for appellant.
*Harry H. Hunter,* for appellee.