## 33746. DAVIDSON v. PECK.

MARSHALL, Justice.

The parties' divorce decree of June 18, 1973, gave the wife custody of their three minor children and awarded her alimony for child support of $550 per month. On June 24, 1975, the husband filed a petition under the provisions of Code Ann. § 30-220 (as amended, Ga. L. 1977, pp. 1253, 1254) to revise the alimony downward because of his decreased income.

On September 4, 1975, a temporary consent order was entered, which noted that the husband had been given "temporary" custody of the children by the wife, and provided: "[The husband] shall be relieved from making any payments to plaintiff [sic; assumedly, defendant wife] for child support during the period that he has custody of the minor children. Thus the prior judgment to pay monthly child support in the amount of $550 is

temporarily suspended. (2) When and if defendant desires to regain custody of the children, she shall give to plaintiff at least thirty (30) days ['] notice of such intention. During this period, the plaintiff may request that the court set this matter down for a hearing on the merits. In any event, after such notice, custody of the children shall be surrendered to defendant. (3) Upon defendant['s] taking custody, the monthly payments to her for child support shall be reinstated at the rate of $550 per month; however, the court shall as soon thereafter, upon being notified, set the matter down for a hearing upon the merits of plaintiff's petition for modification. (4) In the event the parties reach a final settlement, the court shall be notified. In any event, the court is to be notified of the status of the temporary agreement within six months from the date of this order." A consent judgment on December 13, 1977, modified the original divorce decree as to custody and child support.

On December 9, 1977, the wife filed the present contempt action, based on the husband's failure to make child support payments during periods of time in which she allegedly had custody of various children, as provided in the 1975 temporary consent order. The trial judge denied the prayer to hold the husband in wilful contempt of the order, but adjudged him to be in arrears in the sum of $3,256.59 in the payment of child support. From this judgment, the defendant husband appeals. *Held:*

The appellant argues that he is not liable for the child support awarded in the judgment appealed from because, he contends, the custody of the children remained in him after the temporary consent order for the reasons (1) that the provision for the wife to reacquire custody merely by notice to the husband without contemporaneous approval by the court after consideration of the factors outlined in Code Ann. § 74-107, was invalid (see *Crisp v. McGill,* 229 Ga. 389 (2) (191 SE2d 836) (1972) and cits.), and (2) that, even assuming the validity of the above provision, the plaintiff wife had not complied with the condition precedent of giving the 30 days' notice. Another possible deficiency in the temporary consent order, not mentioned by the appellant, is that it was entered pursuant to the

appellant's petition for alimony modification, yet perhaps impermissibly modified the original child support judgment in respects other than as to the amount. See *Ausbon v. Ausbon,* 231 Ga. 679 (203 SE2d 484) (1974) and cit.

While either or both of the above-mentioned defects in the order might have justified our setting aside the order had it been presented to us at an earlier stage in the proceedings, we cannot hold at this point that the order did not support the judgment for arrearages in child support payments. The order was entered by the consent of both parties, based upon their agreement. It merely recognized the existing state of facts with respect to custody, and was beneficial to the appellant husband, in that it relieved him of making child support payments while the children were in his custody.

With regard to the notice, which was required, but allegedly not given, the order did not require it to be in writing or otherwise specify the type of notice. The evidence showed that the children generally resided with the appellant husband during the summer months and the appellee wife during the school year; that the appellant recognized his duty to support the minor children while they were in the appellee's custody; and that he was actually aware of the periods during which a child or children were residing with the appellee. "Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture, . . ." *Pearson v. George,* 209 Ga. 938, 945 (2) (77 SE2d 1) (1953) and cits. The above principle is applicable in the present case, especially since the forfeiture of the mother's right to alimony for child support could amount to a forfeiture of the children's right to receive it. It would be unconscionable to allow such a forfeiture under the circumstances of this case. The trial judge took into account the existence of at least arguable grounds for contesting the husband's liability by declining to hold him in contempt, although his liability could have been tested by methods other than refusal to make the payments ordered, such as habeas corpus.

Accordingly, the judgment is supported by evidence,

and is affirmed.
*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 16, 1978 — DECIDED SEPTEMBER 6, 1978 —
REHEARING DENIED SEPTEMBER 26, 1978.

*Sartain & Carey, Jack M. Carey, Jefferson W. Willis,* for appellant.
*Thompson, Fox & Brinson, David A. Fox,* for appellee.