## 56666. BERRY v. JEFF HUNT MACHINERY COMPANY.

BIRDSONG, Judge.

Jeff Hunt Machinery Co. ("Hunt") obtained a default judgment against Henry Berry ("Berry") in South Carolina, and brought suit to enforce that judgment in Georgia. Summary judgment was granted in favor of Hunt, and Berry appeals, contending that the South Carolina judgment was void for lack of personal jurisdiction. *Held:*

1. It is well settled that "personal jurisdiction is necessary before a judgment from a foreign jurisdiction will be given full faith and credit." *Boggus v. Boggus,* 236 Ga. 126, 129 (223 SE2d 103). Where, as here, jurisdiction is neither alleged nor proved in a default judgment entered in a foreign jurisdiction "the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court." *Process Systems v. Dixie Pkg. Co.,* 137 Ga. App. 452 (224 SE2d 103).

2. The record shows that the law of South Carolina relating to jurisdiction over nonresidents was not proved. "Under such circumstances, it will be presumed that the law of this State obtains, and we will apply the law of this State in interpreting and giving effect to the judgment of the trial court of [South] Carolina." *Crisp v. McGill,* 229 Ga. 389, 390 (191 SE2d 836). Accordingly, we look to the

Georgia Long Arm Statute, Code Ann. § 24-113.1, to determine whether sufficient "minimum contacts" existed between the South Carolina forum and the nonresident defendant to confer extraterritorial jurisdiction upon the South Carolina court. See *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266).

3. On motion for summary judgment, the uncontroverted facts show that Berry traveled to South Carolina to discuss with Hunt the lease of heavy equipment, and thereafter other negotiations apparently transpired over the telephone and via the mails. Two pieces of equipment were shipped to Georgia and a third piece of equipment was picked up by Berry in South Carolina. All lease payments were sent to Hunt's office in South Carolina. The facts are in conflict as to whether the subject matter of this case (the actual pieces of machinery ultimately leased by the appellant) were discussed in South Carolina; however, the leases themselves were sent to and signed by the appellant in Georgia. Finally, the appellant returned for repairs one of the leased pieces of equipment to the appellee in South Carolina.

For purposes of "long-arm" jurisdiction, "[m]ailing or telephoning orders to another state does not of itself constitute the transaction of any business. . ." *Process Systems v. Dixie Pkg. Co.,* supra, p. 456. Similarly, where there are no negotiations or contracts entered into in the forum state, with respect to the goods that are the subject matter of the litigation, there have not been sufficient "contacts" with the forum state to comply with the "transacting business" requirement of Georgia's Long Arm Statute. *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437). On the facts presented on motion for summary judgment, the activities of the appellant in the forum state did not satisfy the "minimum contacts" requirement of the Georgia Long Arm Statute, a prerequisite to the establishment of extraterritorial jurisdiction, and a foreign judgment shall not be recognized by the courts of this state if the foreign court did not have personal jurisdiction over the defendant. Code Ann. § 110-1304 (b); *Boggus v. Boggus,* supra. Accordingly the trial court erred in entering summary

judgment in favor of the appellee.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 30, 1978 —
REHEARING DENIED NOVEMBER 7, 1978.

*Harrison & Roper, J. David Roper, Gary Stokes,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, sought as to the ruling in Division 2 of the opinion, the appellee has for the first time urged that Code Ann. § 38-112 authorizes judicial cognizance of ". . . the laws of the United States and of the several States thereof, as published by authority. . ." As stated in the opinion, however, the record and transcript are devoid of evidence of the laws of South Carolina relating to jurisdiction over nonresidents, and, prior to the enactment of the Civil Practice Act, the law was settled that " . . . judicial notice or recognition of . . . [foreign] laws will not occur unless the laws of the sister state are *produced to the court* 'as published by authority' [Cit.]" (Emphasis supplied.) *Sherman Stubbs Realty &c. v. Am. Institute of Marketing Systems,* 117 Ga. App. 829, 833 (162 SE2d 240). This requirement was modified by the enactment of Code Ann. § 81A-143 (c) which requires that "[a] party who intends to raise an issue concerning the law of another State or of a foreign Country shall give notice in his pleadings or other reasonable written notice."

The notice pleading philosophy of the Civil Practice Act places upon the party intending to rely upon the laws of another state the responsibility of providing the opponent (as well as the court) with notice of such intent. As aptly observed in *Souchak v. Close,* 132 Ga. App. 248, 251 (207 SE2d 708): "To hold otherwise on motion for summary judgment, could very well require the movant not only to prove that there were no material issues in the

case under Georgia law, but also to prove the law of every other jurisdiction, and show that the laws of these states were not applicable either." See *White Farm Equip. Co. v. Jarrell &c. Co.,* 139 Ga. App. 632 (229 SE2d 113). We further observe that the notice requirements of Code Ann. § 81A-143(c) are essential to the determination of the trial court, as well as the appellate court. Here the responsibility of raising the issue concerning the law of South Carolina was upon the appellee, who now attempts to raise the issue, but failed to give the requirement notice.

*Motion for rehearing denied.*