## 59652. BORG-WARNER HEALTH PRODUCTS, INC. v. MAY et al.

McMURRAY, Presiding Judge.

This case involves an action to domesticate a default judgment obtained in Missouri against the defendants, a Georgia partnership having a business located in Laurens County, Georgia. One partner resided in Laurens County, Georgia, and the other resided in Chatham County, Georgia. Personal jurisdiction in the Missouri case was obtained by service upon each of the partners under the Missouri Long Arm Statute by having a deputy sheriff of the county of each partner's respective county of residence serve the partner personally. The Missouri action was based upon a contract allegedly made in Missouri, thereby giving that court jurisdiction based upon a contract made in the State of Missouri.

After the plaintiff, a foreign corporation, filed its petition to domesticate its judgment in this state and to record same upon the general execution docket of the local court, the defendants answered, in general, denying the claim, pleading also that the judgment is not entitled to full faith and credit in this state, no appearance whatsoever by the defendants in Missouri, and contending the circuit court in Missouri never had jurisdiction of either of said defendants.

The case proceeded to trial before the court, by agreement, without the intervention of a jury, based upon certain stipulations. The trial court, in its findings of fact, found the alleged contract which involved the purchase of equipment resulted from negotiations with the defendants by one of plaintiff's agents acting for the plaintiff to be a signed order, accepting plaintiff's offer to sell patient furniture for the defendants' hospital. The court further determined the order-acceptance was subject to the approval of the defendants' credit by the plaintiff, and upon said acceptance the materials were shipped to the defendants. Upon failure to pay for same the plaintiff sued defendants in Missouri for the amount of the

materials and obtained a judgment in the Missouri court. Based upon the above facts, the trial court held the contract was not entered into in Missouri, but rather in Georgia, citing Code § 20-114, with reference to an offer and acceptance by mail. The trial court further held that it was stipulated by the parties that the defendants had never been in Missouri, and the evidence showing the negotiations in the instant case took place in Laurens County, Georgia, under the holding in *O. N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256, 257-259 (206 SE2d 437), no negotiations or contracts were entered into in the forum state (Missouri) so as to comply with the "transacting business" requirement of Georgia's Long Arm Statute. The court applied the Georgia statute rather than the Missouri statute in that the Missouri statute was not proven as required for recognition by Code § 38-622 and Code Ann. § 38-627 (Ga. L. 1973, pp. 299, 300), citing *Crisp v. McGill*, 229 Ga. 389, 390 (191 SE2d 836); *Process Systems v. Dixie Packaging Co.*, 137 Ga. App. 452, 456 (224 SE2d 103) and *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35, 36 (2) (250 SE2d 813). The court then held the Missouri judgment void for want of jurisdiction, and the petition to domesticate was overruled and denied. Plaintiff appeals. *Held:*

1. A collateral attack upon a petition to domesticate a foreign judgment that it was based on lack of personal jurisdiction is precluded in this state only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. See *Drake v. Drake*, 187 Ga. 423 (5), 430 (1 SE2d 573); *Connell v. Connell*, 119 Ga. App. 485, 487 (2) (167 SE2d 686); *Green Acres Discount, Inc. v. Freid & Appell, Inc.*, 135 Ga. App. 816, 817-818 (219 SE2d 39); *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500 (1) (265 SE2d 848) (1980).

2. The notice of appeal in this case states that the transcript of evidence and proceedings would not be filed for inclusion in the record on appeal because the hearing was not recorded. Consequently, the findings of fact by the trial court, hearing the case without the intervention of a jury, are presumed to be correct. See *Nichols v. Love*, 227 Ga. 659, 660 (2) (182 SE2d 439); *Avery v. Avery*, 224 Ga. 516 (162 SE2d 718); *Satterfield v. Satterfield*, 236 Ga. 155 (1) (223 SE2d 136); *Craigmiles v. Craigmiles*, 237 Ga. 498, 499 (228 SE2d 882).

The law of Missouri was not proven as required by statute in this state (see Code § 38-622 and Code Ann. § 38-627, supra.), and the trial court did not err in looking to the Georgia Long Arm Statute (Code Ann. § 24-113.1; Ga. L. 1966, p. 343; 1970, pp. 443, 444) to determine whether the contact between the parties was sufficient to confer jurisdiction on the Missouri court. See *Berry v. Jeff Hunt*

*Machinery Co.,* 148 Ga. App. 35, 36, supra. The finding of the trial court that the situs of the contract was in Georgia is presumed to be correct without considering the evidence other than the finding of fact by the trial court.

3. Based upon the above facts the trial court did not err in holding that the Missouri court had no jurisdiction over the defendants and in denying plaintiff's petition to domesticate. The enumerations of error are not meritorious.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted April 15, 1980 — Decided April 30, 1980.

*H. G. Bozeman,* for appellant.
*H. Dale Thompson,* for appellees.