37716. FOY v. LEWIS.

JORDAN, Chief Justice.

After grant of her application filed in accordance with Code Ann. § 6-701.1, the mother appeals from judgment for the father refusing to domesticate a decree of a New York court for the support of their children. Both parents now are residents of Screven County, Georgia, where this action was filed. We reverse.

1. The father contends in support of the judgment of the Screven County Superior Court that the judgment of the New York court was not properly authenticated because the clerk's certificate did not refer to the New York judgment itself. The certificate was in reference to the "petition and related papers." Docket numbers on the court documents and the judgment matched.

We previously have refused to impose a requirement under Code Ann. § 38-627 (b) not imposed by the General Assembly that the signature of the clerk be handwritten. *Sandifer v. Lynch,* 244 Ga. 369, 370 (1) (260 SE2d 78) (1979). We decline to add to the provisions of that section a requirement that the foreign judgment itself be explicitly mentioned in the clerk's certificate.

2. The remaining contention by the father in support of the

judgment on appeal is that the judgment of the Screven County Superior Court should be affirmed because the mother has no standing to enforce the New York judgment, which requires payment by the father to the New York court rather than to the mother. The father insists that Code Ann. § 81A-117 (a), requiring every action to be prosecuted in the name of the real party in interest, denies the mother the right to enforce the child support judgment that is payable not to her but instead to the New York Court. We disagree. Since the father has not given notice of an intention to raise an issue as to the laws of New York, we presume that the courts of New York would not differ with us in their view of applicable principles. Code Ann. § 81A-143 (c); *Sandifer v. Lynch,* supra; *Crisp v. McGill,* 229 Ga. 389, 390 (1) (191 SE2d 836) (1972); *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674) (1964). We previously have held that the legal custodian of minor children has standing to enforce a child support judgment requiring payment to a third person. *Blackburn v. Blackburn,* 201 Ga. 793 (2) (41 SE2d 519) (1947). We adhere to that view and hold today that the mother as custodial parent had standing to sue for the enforcement of child support payments required to be made to the New York Court.

*Judgment reversed. Hill, P. J. Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 29, 1981.

*David Riemenschneider, Ozell Hudson, Jr., Mary Carden, John L. Cromartie, Jr.,* for appellant.

*Harry Hunter,* for appellee.