## 63204. FRICK FOREST PRODUCTS, INC. v. INTERNATIONAL HARDWOODS, INC.

BANKE, Judge.

The appellant sued the appellee to collect the balance due on a note executed as payment for certain machinery installed at the appellee's sawmill, and the appellee counterclaimed for $786,500 in lost revenues which allegedly resulted from defects in the machinery. This claim was based on breach of express and implied warranties of sale. The trial court granted the appellant's motion for summary judgment for the amount due on the note but denied its motion to dismiss the counterclaim. We granted an interlocutory appeal from the latter ruling.

The written contract for the sale of the equipment contained the following warranty provisions: "Seller, in connection with the items sold to buyer as set forth above, and with the installation of such items, warrants to the original buyer only, for a period of six (6) months from the date of shipment, that all equipment manufactured by seller will be free from defects in material and workmanship ... Seller agrees, as its entire expressed liability, to repair or replace at seller's option, FOB factory, any part manufactured by seller that, in the judgment of seller, was defective at the time of shipment . . . This warranty . . . does not cover any costs of consequential damages, loss or delay associated with warranty defect (sic) . . . Seller's liability hereunder shall be limited to repair or replacement of the defective part or parts, and such correction shall constitute a fulfillment of all

of seller's warranties hereunder. THE FOREGOING WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, INCLUDING ANY OTHER WARRANTY OF QUALITY, EXPRESS OR IMPLIED, AND INCLUDING ANY WARRANTY OF MERCHANTABILITY, OR ANY WARRANTY OF FITNESS FOR ANY PARTICULAR PURPOSE." The contract also contained a paragraph stating that "there have been no representations, warranties, understandings, or any other agreements whatsoever except those contained in this agreement." *Held:*

1. Code Ann. § 109A-2—719 (3) provides as follows: "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable *but limitation of damages where the loss is commercial is not.*" (Emphasis supplied.) The contract provisions quoted above, limiting liability to repair or replacement of defective parts, are explicit and unambiguous, and the appellee is bound thereby. Accord, *White Farm Eqpt. Co. v. Jarrell & Clifton Eqpt. Co.,* 139 Ga. App. 632 (1) (229 SE2d 113) (1976). See also Code Ann. § 109A-2—316. While such a contractual limitation would not necessarily bar an action for consequential damages based on allegations of negligence in installing or repairing the equipment, the appellee's counterclaim is based solely upon alleged defects in the machinery itself. Compare *Appling Motors, Inc. v. Todd,* 143 Ga. App. 644 (1) (239 SE2d 537) (1977). It follows that the counterclaim was subject to dismissal for failure to state a claim upon which relief could be granted.

2. Assuming *arguendo* that the appellant did not sign the contract, that fact would not render its provisions unenforceable against the appellee. There is no question that the appellee signed it and that it in fact constitutes the agreement under which the sale was made. See Code Ann. § 109A-2—201. Indeed, the appellee based its counterclaim on the document and attached a copy as an exhibit thereto.

3. In view of the foregoing, the appellant's remaining contentions are moot.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1982.

*Mark L. Golder,* for appellant.
*Joseph E. Cheeley III,* for appellee.