## 64352. PLANT v. TRUST COMPANY OF COLUMBUS.

SHULMAN, Presiding Judge.

Appellant filed suit against Trust Company of Columbus (TCC), alleging intentional infliction of emotional distress. Applying the law of Alabama (the situs of the alleged tort), the trial court directed a verdict for appellee. We now review that action.

We agree with appellant's assertion that foreign law not pleaded or proved cannot be applied to the facts of this case. Code Ann. § 81A-143 (c) provides, in part, that "[a] party who intends to raise an issue concerning the law of another State or of a foreign Country shall give notice in his pleadings or other reasonable written notice."

Appellee concedes that it gave no written notice of its intent to rely on Alabama law but maintains that the oral notification it gave to appellant and the court during its argument in support of the motion for directed verdict was statutorily sound. This concept flies in the face of the statutory mandate of reasonable *written* notice and its purpose, which is "to give the court and [the] adversary opportunity to prepare concerning it." *Souchak v. Close,* 132 Ga. App. 248, 251 (207 SE2d 708). Adherence to appellee's position would require parties involved in multi-state litigation tried in Georgia to prove their case (or their defense) under Georgia law and then prove the inapplicability of the law of the other jurisdictions factually involved. "This cannot be the law." Id.

Since Alabama law was not pleaded or proved, it was error to apply it to the facts of this case, and the directed verdict which resulted from adherence to the inapplicable Alabama law must be reversed and the case remanded to the superior court for a new trial.

We need not address appellant's remaining enumerations of error since "[w]e recognize that where the trial judge considers

inadmissible matter or acts upon an erroneous legal premise then the rule of right for any reason is not applicable. [Cit.]" *Grizzle v. Federal Land Bank,* 145 Ga. App. 385, 388 (244 SE2d 362).

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 27, 1982 —
REHEARING DENIED NOVEMBER 15, 1982 —

*Stephen G. Gunby, Charles A. Gower,* for appellant.
*Carlton M. Henson, Kenneth M. Henson, Jr.,* for appellee.