38698.   ALLIED FINANCE COMPANY, INC.
v. PROSSER.

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 20, 1961.

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* contra.

FELTON, Chief Judge. Art. IV, Sec. I of the Federal Constitution (*Code* § 1-401) provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effects thereof." No question is raised concerning the manner of proving the judgment obtained. The sole question before the court is whether a judgment obtained in a sister State upon service of process as was made under the Texas statute, will be enforced and given full faith and credit in the courts of this State. Counsel for the plaintiff contends that the Texas act is not unlike the Georgia act (Ga. L. 1937, pp. 732, 733; *Code Ann.* § 68-801) permitting service of process upon the Secretary of State of Georgia as agent for nonresident motorists involved in accidents upon highways of this State. As counsel for the plaintiff aptly points out in his brief: "The judgment of a court of one State, when sued on, pleaded, or introduced in evidence in another State, is entitled to receive the same faith, credit, and respect that is accorded to it in the State where rendered, so that if valid and

conclusive there, it is so in all other States." We must concede that all authority relied upon by the plaintiff is correct to the extent that full faith and credit will be accorded by this State to judgments rendered in sister States based upon the constitutional laws of our sister States. The question in this case is whether the State of Texas had jurisdiction of the person of the defendant.

The due process clause of the Fourteenth Amendment most assuredly limits the power of the State courts to enter judgments against persons not served with process while within their respective boundaries. The Texas statute is but one of many similar statutes enacted by other States for the purpose of protecting their respective citizens. We are sure, however, that it was not the intention of the Texas Legislature to circumvent the Fourteenth Amendment of the United States Constitution or the established laws relating to enforcement of foreign judgments on contract by allowing service of process by proxy on an individual who passes through its great State and makes a purchase or mails a contract to a Texas citizen. In support of the principle that one single insurance transaction does not constitute "doing business" in a State, the defendant cites the case of Old Wayne Mutual Life Insurance Association v. McDonough, 204 U. S. 8 (27 S. Ct. 236, 51 L. Ed. 345). While we think that the defendant is correct in his contention that the principle applies in a case involving facts as to insurance corporations such as these, the case cited has been superseded by McGee v. International Life Insurance Company, 355 U. S. 220 (78 S. Ct. 199, 2 L. Ed. 2d 223) where substitute service of process was permitted on a defendant which did not maintain an office or agent in the State and where it was not alleged that there was any other policyholder of the defendant in the State. In that case it was stated: "Since Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations. . .

Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." It is clear from this and the vast number of similar cases that the expansion of jurisdiction has been permitted in respect to corporations and individuals "doing business" in the State which, by statute, permits service of process upon a designated agent. We can find no case where the courts have stretched the term "doing business" to include a single business transaction entered into by an individual. We interpret "doing business" to mean the engagement for profit in some practice either repeatedly or possibly with the intention that the practice be repeated. To extend the term "doing business" to include the making of one contract with a resident of Texas as its act provides would render due process as it has applied to foreign individuals a complete nullity. "The authority of a court to issue and serve process is restricted to the territory where issued, and the court has no power to require persons not within such territory to appear." *Milner v. Gatlin*, 139 Ga. 109, 110 (2b) (76 S. E. 860). While the rule has understandably been stretched for reasons of public policy to include motorists statutes and insurance statutes, as in McGee v. International Life Ins. Co., supra, it is unthinkable that it should be expanded to cover the individual who enters into a single transaction with no intention of doing more. Concerning the Georgia Nonresident Motorists Act, supra, in the case of Wood v. Wm. B. Reilly & Co. Inc., 40 F. Supp. 507, 509, it was held: "The basis of constitutional validity apparent from these and all similar cases is the right of the State by the exercise of its police power to prescribe regulations necessary for the public safety and order in the operation of motor vehicles. The Georgia statute is necessarily directed at the identical evil sought to be cured by the legislation of other States and is likewise predicated upon the same constitutional basis. *Thus it evidences no intention to enlarge jurisdiction or venue upon considerations of nonresident master and resident servant, or to evidence the imposition of the sanction of substituted service in case of the employment by a nonresident of a resident licensed and registered owner of an*

*automobile.*" (Italics ours). "Where in a suit upon a foreign judgment, the judgment roll, which is attached to and made a part of the petition, shows upon its face that the court of the State rendering the judgment sued on was without jurisdiction, the petition is subject to demurrer as setting forth no cause of action." *Lurey v. Jos. S. Cohen & Sons Co.*, 86 Ga. App. 356 (71 S. E. 2d 689).

Since the unconstitutionality of the Texas statute did not appear on the face of the petition, the remedy of the defendant was therefore a resort to a plea of nul tiel record in which the unconstitutionality of the Texas statute is alleged. Therefore, the court properly sustained the defendant's plea of nul tiel record.

*Judgment affirmed. Nichols and Bell, JJ., concur.*