This is a close case, and my area of disagreement with the majority is small.
The majority opinion recognizes that a single transaction is insufficient to subject a nonresident individual to the personal jurisdiction of the state where the transaction took place; with this, I agree. I disagree with the part of the opinion holding that the acts of appellant were a "series of acts" constituting minimal contact with the State of Arkansas so as to subject him to the personal jurisdiction of the courts of that state.
Each state has independent sovereignty with authority to make and administer the laws over persons and property within its boundaries, and reciprocal respect for such sovereignty limits one state from extending the authority of its courts into another state to subject the citizens thereof to its jurisdiction. Conn v. Whitmore, 9 Utah 2d 250, 342 P.2d 871 (1959). Of course, the right of a state where a judgment of a foreign court is sought to be enforced is limited by the full faith and credit clause of the Constitution and considerations of comity. The courts of the country, including the Supreme Court of the United States, generally have liberalized the standards for determining the minimum activities necessary to subject nonresidents to personal jurisdiction. In my opinion, these decisions have gone far enough, if not too far. Nonresidents should not be subjected to personal jurisdiction of a foreign state on the basis of a single transaction, and, in my opinion, the total transaction by appellant was essentially a single transaction. The amount involved should not be a decisive factor. It *Page 818 
is common practice for residents of this state to go in person to make purchases and borrow money beyond the limits of the state. To subject all of these people to the personal jurisdiction of the other states offends my notion of fair play and substantial justice.
I do not believe that the decisions of the Supreme Court of the United States require that we affirm this case, and I would prefer to follow the recent decisions of some of our sister states on somewhat similar transactions. In Conn v. Whitmore, supra, defendant, a resident of Illinois, had correspondence about the purchase of some horses. The purchase price apparently amounted to $1,750. The defendant sent his employee to Illinois with a trailer to pick up the horses at the plaintiff's farm in Freeport, Illinois, and deliver a check for the $750 balance. The plaintiff brought his action in Illinois under its "long arm" statute, mentioned in the majority opinion, and recovered a judgment and proceeded to bring an action on the judgment in Utah. The court in that case stated the following:
 Even under the liberalized view the foregoing cases represent as to the prerequisities to holding one subject to personal jurisdiction of the courts of a foreign state, this requirement remains: there must be some substantial activity which correlates with a purpose to engage in a course of business or some continuity of activity in the state so that deeming the defendant to be present therein is founded upon a realistic basis and is not a mere fiction. That this is so and that a single act or transaction does not suffice unless it fits into the above pattern is well established. (342 P.2d at 874)
The Utah court reflected on the difficulties that would be encountered if persons were drawn into the orbit of foreign courts under certain circumstances, and stated: "* * * This would for practical purposes obliterate any protection one might have from being compelled to go to a foreign jurisdiction to defend a lawsuit. * * *"
In Allied Fin. Co. v. Prosser, 103 Ga. App. 538, 119 S.E.2d 813
(1961), the judgment sought to be enforced in Georgia against a Georgia resident had been entered in Texas in accordance with the Texas "long arm" statute. Basing its decision on the due process clause of the Fourteenth Amendment, the Georgia court declined to enforce the foreign judgment based on a single transaction done in Texas. The Georgia court stated:
 * * * While the rule has understandably been stretched for reasons of public policy to include motorists statutes and insurance statutes, as in McGee v. International Life Ins. Co. [355 U.S. 220, 78 Sup.Ct. 199, 2 L.Ed.2d 223 (1957)], it is unthinkable that it should be expanded to cover the individual who enters into a single transaction with no intention of doing more. * * * (119 S.E.2d at 816)
See also Sterling Materials Co. v. McKinley, 218 Ga. 574,129 S.E.2d 770 (1963).
It is clear that the cases of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and of McGee v. International Life Ins. Co., supra, and other later decisions, have swept away old concepts and given far greater reach of in personam jurisdiction by means of "long arm" statutes. But the United States Supreme Court recognizes that the reach is not limitless. In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the United States Supreme Court said:
 * * * But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a *Page 819 
consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the `minimal contacts' with that State that are a prerequisite to its exercise of power over him. * * (357 U.S. at 251, 78 S.Ct. at 1238)
In my opinion, "traditional notions of fair play and justice" would best be served by requiring appellee to sue appellant in the courts of Mississippi.