### 59868. RAMSEUR v. AMERICAN MANAGEMENT ASSOCIATION.

BIRDSONG, Judge.

Count 1 of plaintiff's suit sought to domesticate a New York judgment against the defendant appellant; Count 2 sought judgment on what was apparently the same cause of action upon which the New York judgment was based, less the costs of the court sought for the New York judgment on Count 1. To Count 1, action to domesticate, defendant made an answer which in import denies that she was subject to personal jurisdiction in New York. The plaintiff made a motion for summary judgment as to Count 1, and it was granted, with fi. fa. ordered up on the judgment. The trial court issued a certificate for immediate review under Code Ann. § 6-701, certifying that the questions of law involved were of such importance to the case that the court's order granting plaintiff's summary judgment should be subject to interlocutory appeal. Application for interlocutory appeal was denied by this court. Six months after the grant of summary judgment as to Count 1, the trial court on plaintiff's motion dismissed Count 2 as being "mooted" by the domestication of the New York judgment. On appeal to this court, appellant Ramseur, in four enumerations of error, attacks the grant of summary judgment as to Count 1 and the consequent domestication of the New York judgment. *Held:*

1. *Culwell v. Lomas &c. Co.,* 242 Ga. 242 (248 SE2d 641) holds that a party may appeal a grant of summary judgment after rendition of the final judgment in the case, and the summary judgment is not res judicata as to any other claims which had remained pending. Appellee argues that Count 2 (suit on the note) is, in effect, the same claim, based upon the same cause of action, as Count 1 (domestication of the New York judgment), so that there were no other issues pending in the case when summary judgment was granted as to Count 1; that the summary judgment was therefore the final judgment in the case, and as appellant did not directly appeal from that final judgment it is too late to do so now. But the fact is that Count 2 did remain pending until it was dismissed, within thirty days of this present appeal. The trial court did not earlier perceive the Count 1 summary judgment as being dispositive of Count 2, as it signified in its certificate of immediate *interlocutory* review when it granted the summary judgment on Count 1. We therefore will not

countenance the loss by appellant of her right under *Culwell v. Lomas,* supra, to a final direct appeal of the Count 1 domestication issue merely because the trial court later ruled that Counts 2 and 1 had been the same and that Count 2 was "mooted" when summary judgment was granted on Count 1.

2. Appellant urges that the trial court erred in granting summary judgment on domestication of the New York judgment, without requiring proof from appellee that the judgment was proper under New York law, by accepting the New York court's claim that New York had obtained personal jurisdiction of appellant, and in not considering appellant's due process right not to be subjected to suit in New York because New York was an inconvenient forum which did not afford appellant sufficient notice and opportunity to defend. It is not contended by appellee that Ramseur failed to raise these defenses below, nor could appellee so contend since Ramseur's answer raises the issue of lack of jurisdiction.

The appellee argues that by enacting Code Ann. § 81A-143 (c), the Georgia legislature "ended any necessity to plead and prove foreign law," and that therefore the burden of proof is shifted to the party who intends to contest the law of another state. Code Ann. § 81A-143 (c), as a whole, governs the determination of foreign law, see *Ellington v. Tolar Construction Co.,* 142 Ga. App. 218 (235 SE2d 729), and does provide that "a party who intends to *raise an issue* concerning [foreign law] should give notice." *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (250 SE2d 813). The *Berry* case, supra, on motion for rehearing, p. 37, holds that the law which provides that "judicial notice or recognition of foreign laws will not occur unless the [foreign] laws ... are *produced to the court* [cit] ..." was modified by Code Ann. § 81A-143 (c). However, we certainly did not imply by that statement that if the defendant defends the suit to domesticate by making a collateral attack on the foreign judgment (see *Maxwell v. Columbia Realty Venture,* 155 Ga. App. 289 (1980)), then the burden is on the defendant to prove that the judgment is no good under the foreign law. Code Ann. § 81A-143 (c) merely requires that whoever would rely on foreign law must give *notice* of the intention to the other party. *Berry,* on rehearing, clearly held that in that case, where defense to the foreign judgment had been made, "the responsibility of raising the issue concerning the law of [the sister state] was upon the [plaintiff]." *Berry,* supra, p. 38.

When the defendant defends a suit to domesticate a foreign judgment by saying that the judgment is not entitled to full faith and credit in Georgia because that foreign state lacked jurisdiction to issue judgment, the defendant is relying on the laws of this state. Where jurisdiction is neither alleged nor proved in a default foreign

judgment, "the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court" (*Berry,* supra, p. 35; *Process Systems v. Dixie Pkg. Co.,* 137 Ga. App. 452 (224 SE2d 103)), but that principle (that the "issue [of jurisdiction] may be raised in defense," and see especially Code Ann. § 81A-143 (c)) does not shift the burden of proving lack of jurisdiction under the foreign law to the defendant. The mere proof or admission of the fact of a duly certified and attested foreign judgment (see Code Ann. § 38-627 (a)) is not prima facie proof of anything except that the judgment was rendered and this fact is not an issue on the collateral attack. Where collateral attack has been made on the judgment, for lacking that element which is necessary before the foreign judgment will be given full faith and credit in this state (*Boggus v. Boggus,* 236 Ga. 126, 129 (223 SE2d 103)), the burden must be on he who would nevertheless have it enforced to prove that it is good under the laws of the state where rendered. This is even more emphatically true where the plaintiff has moved for summary judgment on the domestication issue. On motion for summary judgment, the burden of proof is squarely on the moving party (*Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286)) and does not shift to the respondent unless the movant, by affidavits or other evidence, shows a prima facie right to such judgment. *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424). As we quoted from *Sherman Stubbs Realty &c. Inc. v. American Inst. of Marketing Systems,* 117 Ga. App. 829, 833 (162 SE2d 240), in *Berry,* supra, p. 37, and earlier in this case, "judicial notice or recognition of foreign laws will not occur unless the [foreign laws] are *produced to the court.* " In this case, that was not done, and "[the] personal jurisdiction [which] is necessary before a [foreign] judgment . . . will be given full faith and credit" (*Boggus v. Boggus,* supra) was therefore not proved. Neither was it shown to the trial court that the judgment was qualified for domestication under Georgia law (see *Berry,* supra, p. 35). The appellee was therefore not entitled to summary judgment on domestication of the New York judgment, and summary judgment is, accordingly, reversed.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

Submitted May 5, 1980 — Decided July 15, 1980.

*Glenda Hardigg,* for appellant.
*James B. Walton,* for appellee.