### 64750. MID-GA. BANDAG COMPANY, INC. et al. v. NATIONAL EQUIPMENT RENTAL, LTD.

BANKE, Judge.

The appellee obtained a judgment against the appellants in the State of New York and instituted this action in Georgia to domesticate the New York judgment. This appeal is from the grant of summary judgment in favor of the appellee. The appellants enumerate as error, among others, that the trial court domesticated the New York judgment without requiring proof of its validity in New York. *Held:*

1. "The Acts of the Legislature of any other state, territory or possession of the United States shall be authenticated by affixing the seal of such state, territory or possession thereto: Provided, however, nothing herein shall be construed as repealing or modifying Section 81A-143. The records and judicial proceedings of any court of any such state . . ., or copies thereof, shall be proved or admitted in other courts within this state by the attestation of the clerk and seal of the court annexed . . ., together with a certificate of a judge of the court that the said attestation is in proper form. Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within this state as they

have by law or usage in the courts of such state, territory or possession from which they are taken." Code Ann. § 38-627 (a).

The appellee plead and introduced in evidence a judgment of the New York court meeting the requirements quoted above. In addition, appellee introduced the affidavit of the attorney who obtained the New York judgment showing that the judgment was obtained after service on the defendants by certified mail. In these respects, the case before us is distinguished from *Ramseur v. American Management Assn.,* 155 Ga. App. 340 (270 SE2d 880) (1980), relied upon by appellants because the appellee in that case apparently failed to show any proper foundation to support the jurisdiction of the court which rendered the judgment.

2. The appellants next contend that reversal is required because the "choice of forum" clause in the contract sued upon in the New York court renders it void and unenforceable. See Code Ann. § 20-504. This enumeration of error is also without merit. "Jurisdictional issues adjudicated in the foreign judgment may not now be raised. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53). Similarly, '[t]he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue. [Cits.]' *Colodny v. Dominion Mtg. &c. Co.,* 142 Ga. App. 730 (236 SE2d 917) . . ." *Shackelford v. Central Bank of Miss.,* 148 Ga. App. 494 (1) (251 SE2d 569) (1978). Also see *West Point-Pepperell, Inc. v. Multi-Line Indus., Inc.,* 231 Ga. 329 (201 SE2d 452) (1973). For this same reason, we find no error in the refusal of the trial court to allow the appellants to attack the New York judgment collaterally based on other defenses and counterclaims which could have been raised in the New York court. Also see *Colodny v. Krause,* 136 Ga. App. 379 (221 SE2d 239) (1975).

3. Finally, appellants complain that the trial court originally denied appellee's motion for summary judgment and thereafter allowed the appellee to move a second time for summary judgment. This enumeration of error is without merit. The trial court apparently orally denied the motion for summary judgment after which the appellee filed a written motion for reconsideration. The parties then filed briefs in support of their contentions following which the trial court issued its written order granting judgment for the appellee. The matter was clearly one still within the breast of the court, and we perceive no error. Compare *Premium Dist. Co. v. National Dist. Co.,* 157 Ga. App. 666 (278 SE2d 468) (1981).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 21, 1982.

*Edwin G. Russell, Jr.,* for appellants.
*Andrew J. Whalen III, Douglas W. Kessler,* for appellee.