### 65674. DAVIS MUD & CHEMICAL, INC. v. PILGRIM.

BANKE, Judge.

The plaintiff sued to domesticate a default judgment obtained against the defendant in Kansas, and the defendant attacked the judgment for lack of personal jurisdiction. The trial court granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint with prejudice.

The Kansas judgment was based upon an open account for goods allegedly purchased by the defendant from the plaintiff. At the time of the sale and at the time the suit was filed in Kansas, the defendant was a resident of Oklahoma. The plaintiff's agents had solicited his business in Oklahoma; the contract was entered into in that state; the goods were shipped to the defendant from the plaintiff's warehouse in that state; and the goods were used in that state. The parties' only connection with the forum of Kansas was that the plaintiff was a Kansas Corporation. Personal service of the defendant was allegedly effected in accordance with the Kansas Long Arm Statute, but the defendant did not appear, contest, or otherwise respond to the Kansas proceeding. *Held:*

1. The plaintiff does not dispute the lack of minimum contacts requisite for personal jurisdiction over the defendant but contends that the defendant's failure to respond to the Kansas suit despite personal service constituted a waiver of the jurisdictional issue. On numerous occasions, however, this court has held that collateral attack of a foreign judgment based on lack of personal jurisdiction is precluded only if the defendant has appeared in the foreign court. *International Systems v. City of Jackson,* 161 Ga. App. 423 (288 SE2d 344) (1982); *Ramsey Winch Co. v. Trust Co. Bk.,* 153 Ga. App. 500 (265 SE2d 848) (1980). To hold otherwise would allow any state court to compel a non-resident defendant to appear in that court, even though the defendant has had no contact whatsoever with that state. Because the foreign judgment sued on in this case was entered by default, it is subject to collateral attack for lack of personal jurisdiction.

2. Because the Kansas statute was not proven in the court below, we look to the Georgia Long Arm Statute (OCGA § 9-10-91 (Code Ann. § 24-113.1)) to determine whether sufficient minimum contacts existed between Kansas and the defendant to confer

jurisdiction upon the Kansas court. *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (250 SE2d 813) (1978); *Ramsey Winch Co. v. Trust Co. Bk.,* supra. As discussed above, the only connection between either of the parties with the forum state was the fact that the plaintiff was incorporated there. All the pertinent contacts between the plaintiff and defendant occurred in Oklahoma. Under these circumstances, it is apparent that sufficient minimum contacts between the defendant and Kansas did not exist so as to render him subject to that state's jurisdiction. See OCGA § 9-10-91 (Code Ann. § 24-113.1); *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437) (1974); *Process Systems v. Dixie Packaging Co.,* 137 Ga. App. 452 (224 SE2d 103) (1976); *Berry v. Jeff Hunt Machinery Co.,* supra. The Kansas judgment thus was void as a matter of law, and the trial court properly refused to enforce it.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 10, 1983.

*Wayne C. Crowe,* for appellant.
*Thomas J. Andersen,* for appellee.