66740. PERRY AGRI DISTRIBUTORS, INC. v. BAILEY SEED FARMS, INC.

Sognier, Judge.

Bailey Seed Farms, Inc. (Bailey) brought the instant action to domesticate a judgment of an Indiana court against Perry Agri Distributors, Inc., a Georgia corporation having its principal place of business in Miller County. The judgment was based upon an open account and obtained by default. Attached to Bailey's complaint was a duly authenticated and certified copy of the Indiana judgment. See OCGA § 24-7-24 (a)(1) (Code Ann. § 38-627). Perry Agri Distributors answered, asserting that the Indiana court lacked personal jurisdiction over it and that service of process was improper, and filed a counterclaim.

Bailey moved for summary judgment, submitting a copy of the Indiana long-arm statute, an affidavit of the court clerk in Indiana concerning service of process, and, for the purpose of establishing the jurisdiction of the Indiana court, two affidavits in which certain business transactions with Bailey were described. Perry Agri Distributors submitted an affidavit stating it had not been served in the Indiana action and challenging the nature and purpose ascribed to the business contacts in the Bailey affidavits.

The trial court granted partial summary judgment in favor of Bailey on the issue of the jurisdiction of the Indiana court over Perry Agri Distributors but ruled that an issue of fact remained on the question of service of process. Perry Agri Distributors appeals.

Appellant contends that the trial court erred in granting partial summary judgment in favor of appellee arguing, inter alia, that genuine issues of material fact remain as to the satisfaction of the "minimum contacts" requirement for subjecting it, as a nonresident defendant, to the jurisdiction of the forum court. See Intl. Shoe Co. v. State of Wash., 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945).

According to appellee's affidavits, Herbert Perry, Jr., now vice-president of Perry Agri Distributors, Inc., visited appellee's corporate office and production facilities in Indiana in June 1980 "to

inspect said facilities and discuss further purchases with [appellee]." No other visits to Indiana on Herbert Perry's part are mentioned. Appellant does not deny that the trip to Indiana was for the purpose assigned by appellee. The record further discloses that subsequent to Herbert Perry's visit, appellant placed orders with appellee for purchases that formed the subject matter of the action brought in Indiana. However, even assuming arguendo that Herbert Perry's single visit to Indiana was sufficient as a "minimum contact" to establish jurisdiction under the long-arm statutes, there is no evidence in the record to show that Perry made the visit as an agent or representative of appellant-corporation, Perry Agri Distributors, Inc. The evidence shows instead that Herbert Perry had, beginning in March 1980, placed orders with appellee in his own name and that in mid-1981, appellee noticed that he was placing orders under the name of Perry Agri Distributors, Inc.

Construing all inferences arising from the evidence most favorably toward appellant as the non-moving party on motion for summary judgment, *Tipton v. Harden,* 128 Ga. App. 517, 519 (4) (197 SE2d 746) (1973), we find that Herbert Perry's visit to Indiana in June 1980 was made on his individual account and not on behalf of appellant corporation. See generally *Midtown Properties v. George F. Richardson, Inc.,* 139 Ga. App. 182, 185 (228 SE2d 303) (1976); *Schwob Mfg. Co. v. Huiet,* 69 Ga. App. 285 (1) (25 SE2d 149) (1943). Accordingly, we may consider only the evidence of business that appellant-corporation conducted with appellee. This evidence discloses that during 1981, telephone orders were placed with appellee on behalf of appellant and that goods were shipped from appellee to appellant in Georgia. Given these facts, these transactions were insufficient as contacts in the forum state of Indiana to constitute doing business there. See Material Systems Engineering v. Shelley Prods., 554 FSupp. 4, 7 (S.D. Ind. 1982). See also *O.N. Jonas Co. v. B & P Sales,* 232 Ga. 256, 257 (206 SE2d 437) (1974); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35, 36 (3) (250 SE2d 813) (1978); *Process Systems v. Dixie &c. Co.,* 137 Ga. App. 452, 456 (224 SE2d 103) (1976). For discussion of due process requirements, see Intl. Shoe, supra at 317; Suyemasa v. Myers, 420 NE2d 1334, 1341-1342 (Ind. App. 1981); *Delta Equities v. Larwin &c. Investors,* 133 Ga. App. 382, 383 (1) (211 SE2d 9) (1974).

Thus, on the facts presented on motion for summary judgment, the activities of appellant in the forum state did not satisfy the "minimum contacts" requirement of the long-arm statute, a prerequisite to the establishment of jurisdiction in the Indiana court. The trial court erred in granting partial summary judgment in favor of appellee. *Berry,* supra at 36-37.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 28, 1983.

*Ronnie Joe Lane,* for appellant.
*Bruce W. Kirbo, Jr.,* for appellee.