## 67394. CITY OF ALMA v. BENHAM et al.

McMurray, Chief Judge.

This action seeks judgment on a foreign judgment obtained in the State of Colorado based upon an exemplified copy of same attached to the petition. The foreign judgment as shown was based upon an entry of default judgment against the defendant The City of Alma. The plaintiff therein, Robert S. Benham, as receiver of a Manufacturers and Wholesalers Indemnity Exchange, seeks judgment against The City of Alma, Georgia, in a principal sum plus interest. The defendant answered denying the complaint but admitted jurisdiction of the Georgia court. By amendment, the defendant contended that the Colorado court which issued the judgment sought to be enforced did not have personal jurisdiction over the defendant and that the Colorado court was a seriously inconvenient forum for the trial of the action upon which the forum judgment is based praying that the complaint be dismissed.

Thereafter, the plaintiff filed a request for admissions that the defendant had "contracted with and through plaintiff to insure against certain risks and losses pursuant to a reciprocal or interinsurance exchange." This request was denied by the defendant. Another request was that the defendant admit that "by virtue of the reciprocal or interinsurance arrangement, you contracted to insure persons, property or risks residing or located within the State of Colorado." The defendant likewise denied this request. Defendant did admit, however, that "by virtue of such insurance, you became a member or subscriber of plaintiff" and "you have paid no portion of the judgment entered against you in the Colorado action described in the Complaint."

Based upon the record, the plaintiff moved for summary judgment either in whole or in part. In addition, one of plaintiff's attorneys in the State of Colorado, by affidavit deposed that "Attached hereto as Exhibit A is a true and correct copy of Colorado's long arm statute, Colorado Revised Statute § 13-1-124, 1973." This statute provides that any person whether or not a non-resident of the State of Colorado who transacts any business within the state or who contracts "to insure any person, property, or risk residing or located within this state at the time of contracting" submits to the jurisdiction of the Colorado courts.

In consideration of the motion for summary judgment the trial court, after a hearing, set forth that this action was brought to domesticate a foreign judgment against the defendant, that the defendant was contending that the Colorado court did not have personal jurisdiction over the defendant. Further, that the Colorado court was "a seriously inconvenient forum for the trial of the action upon which

the forum judgment is based," and, among other things, that the plaintiff had introduced a properly authenticated copy of the Colorado judgment and an affidavit of a Colorado attorney verifying and attaching a copy of the Colorado long arm statute. Therefore, the defendant had admitted in the request for admissions that "by virtue of such insurance it became a member or subscriber of Plaintiff and that Defendant has paid no portion of the Colorado judgment," and that the defendant had only its amended answer containing the defenses set forth above in opposition to plaintiff's motion for summary judgment. The trial court then held that once the duly authenticated copy of the Colorado judgment was introduced "a prima facie case for Plaintiff was established, Defendant's pleadings were pierced, and the burden fell upon the Defendant to introduce proof which would tend to rebut Plaintiff's case," and granted summary judgment to the plaintiff.

The defendant The City of Alma, Georgia appeals enumerating as error the granting of summary judgment to plaintiff in that the Colorado court did not have personal jurisdiction over the defendant when the Colorado judgment sought to be domesticated was obtained and that an issue of fact remained as to whether the Colorado court had jurisdiction over the defendant under that state's long arm statute. *Held*:

Under the full faith and credit clause of the United States Constitution " 'a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud. [Cit.]' *Dropkin v. Dropkin*, 237 Ga. 768, 770 (229 SE2d 621) (1976)." *Veazey v. Veazey*, 246 Ga. 376, 377 (271 SE2d 449). The defendant herein has defended contending a lack of jurisdiction of the defendant in the foreign court of Colorado, and it is shown that the foreign judgment was obtained by default. Accordingly, the defendant is relying upon the laws of this state and where jurisdiction is neither alleged nor proved in a default foreign judgment " 'the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court.' [Cits.]" *Ramseur v. American Management Assn.*, 155 Ga. App. 340, 342 (270 SE2d 880). The *Ramseur* case at page 342 then goes on to hold that if the defendant has not pleaded the issue of jurisdiction in the foreign court such defense may be raised, and despite the producing of the law of the foreign state which may be considered by the Georgia court this does not shift the burden of proving lack of jurisdiction under the foreign law to the defendant. "On motion for summary judgment, the burden of proof is squarely on the moving party." Further, the mere proof or admission of the fact of "a duly certified and attested foreign judgment (see Code Ann. § 38-627 (a)) is not prima facie proof of anything except

that the judgment was rendered and this fact is not an issue on the collateral attack." Thus, "the burden must be on he who would nevertheless have it enforced to prove that it is good under the laws of the state where rendered," and that this is even more true "where the plaintiff has moved for summary judgment on the domestication issue . . . the burden of proof is squarely on the moving party [cit.] and does not shift to the respondent unless the movant . . . shows a prima facie right to such judgment. *Stephens County v. Gaines*, 128 Ga. App. 661 (197 SE2d 424)."

In the case sub judice, we have examined the certified copy of the foreign judgment and decree and find no evidence of service whatsoever albeit the Colorado law here submitted under OCGA § 9-11-43 (c) (formerly Code Ann. § 81A-143 (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108)) clearly states that any person whether or not a nonresident of the State of Colorado who transacts any business within the state or who contracts to insure any person, property, or risk residing or located in Colorado at the time of contracting submits to the jurisdiction of the courts of Colorado. Examination of the request for admissions discloses that the plaintiff is contending that The City of Alma, Georgia, is in some type of insurance business within that state but the defendant has denied this request, admitting, however, that it is a member or subscriber of plaintiff and has paid no portion of a judgment entered against it in the Colorado action. Had the defendant admitted being in the insurance business and had been served by the Colorado court in some manner, the judgment here on summary judgment motion would have been proper. However, no service is shown whatsoever, and the trial court erred in granting summary judgment.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 9, 1984 —
REHEARING DENIED MARCH 7, 1984.

*Jimmy J. Boatright*, for appellant.
*Charles E. Lamkin*, for appellees.