*William C. Reed*, for appellee.

70024. DUNN et al. v. BLAIR et al.
(328 SE2d 227)

BANKE, Chief Judge.

Appellees brought this action to domesticate two default judgments rendered by an Ohio court against appellants Bill Dunn and Bill Jenkins, purportedly doing business as "Bill's Truck Sales." In their answers, appellants asserted that they had not been properly served with process in the Ohio actions and that the Ohio court had lacked both personal and subject matter jurisdiction. Thereafter, appellees moved for summary judgment, attaching in support of the motion copies of the Ohio Consumer Sales Practices Act (Ohio Revised Code § 1345.01 et seq.), on which the complaint apparently was founded, and the Ohio Long-Arm Statute (Ohio Revised Code § 2307.381 et seq.), which confers personal jurisdiction in the Ohio courts over persons transacting business in the state. These copies were authenticated by the Secretary of State of Ohio. Appellees also submitted certain documents reflecting service by certified mail upon "Bill's Truck Sales" at a post office box in Rock Springs, Georgia.

In opposition to the motion for summary judgment, both Dunn and Jenkins filed affidavits denying that they had been members of a partnership doing business as "Bill's Truck Sales." Jenkins further denied having ever received service of process in the Ohio action against him, while Dunn acknowledged receipt of "some correspondence through the United States mails showing a suit had been filed against Bill's Truck Sales" but denied receiving notice of any action against him as an individual. This appeal is from an order granting the appellees' motion for summary judgment. *Held*:

1. Appellants contend that genuine issues of material fact existed as to whether they were properly served with process in the Ohio action and whether the Ohio court had personal jurisdiction over them. The Ohio judgments reflected no findings of fact that appellants had conducted any activities in the State of Ohio. The Ohio complaint apparently was founded on allegations that appellants had acquired tractors in Canada, brought them into Ohio, and secured Georgia titles for them. However, appellees submitted no evidence in this domestication proceeding, by affidavits or otherwise, to substantiate these allegations or to show that appellants had in fact transacted business in Ohio in such a manner as to render themselves amenable to suit in that state.

Where a default judgment of another state is collaterally attacked for lack of jurisdiction, the party seeking to enforce that for-

eign judgment has the burden of proving jurisdiction. See *City of Alma v. Benham*, 170 Ga. App. 143 (316 SE2d 477) (1984); *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340 (2) (270 SE2d 880) (1980). Moreover, on a motion for summary judgment, the burden is always on the moving party. Id. The evidence presented in the present case fails to establish that appellants engaged in any conduct in Ohio which, consistent with the requirements of due process, would have subjected them to the jurisdiction of the courts of that state. Accord *Perry Agri Distributors v. Bailey Seed Farms*, 169 Ga. App. 58 (311 SE2d 497) (1983). It follows that the trial court erred in granting the appellees' motion for summary judgment.

2. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 8, 1985.

*W. Ralph Hill, Jr.*, for appellants.
*Jon Bolling Wood*, for appellees.