70835. TOLEDO CENTER FLOOR COVERING, INC.
v. RICHFIELD CARPET MILLS, INC.
(336 SE2d 320)

CARLEY, Judge.

Appellant-plaintiff filed the instant action, seeking domestication of a Louisiana judgment obtained by default against appellee-defendant. Appellee answered, raising certain jurisdictional defenses asserting that the Louisiana judgment was not entitled to full faith and credit in this state.

The case came on for jury trial. Appellant tendered into evidence a copy of the Louisiana judgment, properly authenticated in accordance with OCGA § 24-7-24. After tendering only this evidence, appellant rested. Appellee then moved for a directed verdict. The trial court stated that, pending its ruling on the motion, appellee should proceed with its evidence. Appellee, however, elected to offer no evidence. Appellant moved for a directed verdict. With the agreement of the parties, the trial court dismissed the jury and conducted a hearing on the cross-motions for directed verdict. After the hearing, the trial court entered an order, stating that appellant had "failed to carry its burden as to an essential element of its cause of action, by failing to show a proper foundation to support the jurisdiction of the Louisiana court." Citing *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340 (270 SE2d 880) (1980) and *Mid-Ga. Bandag Co. v. Nat. Equip. Rental*, 164 Ga. App. 68 (296 SE2d 391) (1982), the trial court directed a verdict in favor of appellee. At the same time, appellant's motion for a directed verdict was denied.

1. The requirement that each state give full faith and credit to the records and proceedings of all other states applies "only to the records and proceedings of courts so far as they have jurisdiction . . . ." *Chidsey v. Brookes*, 130 Ga. 218, 221 (60 SE 529) (1907). "[C]ollateral attack of a foreign judgment based on lack of personal jurisdiction is precluded only if the defendant has appeared in the foreign court. [Cits.]. . . . Because the foreign judgment sued on in this case was entered by default, it is subject to collateral attack for lack of personal jurisdiction." *Davis Mud & Chemical v. Pilgrim*, 165 Ga. App. 738 (1) (302 SE2d 423) (1983). The specific issue presented for resolution in the instant case is the parties' respective evidentiary burdens in a foreign judgment domestication action wherein a collat-

eral attack on the jurisdiction of the foreign court has been raised in the answer. Appellee asserts that appellant, as plaintiff, did not meet its evidentiary burden insofar as it merely introduced an authenticated copy of the Louisiana judgment and no other evidence. Appellant, on the other hand, contends that its evidence was sufficient to shift to appellee the burden of coming forward with rebuttal evidence as to the jurisdictional issue.

" 'The party on whom the burden of proof rests is entitled to the aid of all legal presumptions arising out of the facts established, and if these presumptions, added to the established facts, make a prima facie case, the burden is shifted to the other party.' " *Dept. of Revenue v. Stewart*, 67 Ga. App. 281, 289 (20 SE2d 40) (1942). "In a suit in this State upon a cause of action arising out of a judgment rendered in a sister State, it is not necessary to allege or prove an authenticated copy of the record of the entire proceedings, but a prima facie case is made by alleging and proving a properly authenticated copy of the judgment itself. [Cits.]" *Heakes v. Heakes*, 157 Ga. 863 (2) (122 SE 777) (1924). Thus, appellant in the instant case was authorized but not required to introduce the entire record of the proceeding in the Louisiana court. With specific regard to the existence of jurisdiction, our Supreme Court has also held: "Where the lack of jurisdiction in the court of another State does *not* appear on the face of the record [of the foreign proceedings] . . . , the jurisdiction of such foreign court *will be presumed* by the courts of this State. [Cits.]" (Emphasis supplied.) *Heakes v. Heakes*, supra at 863 (3). Compare *Allied Fin. Co. v. Prosser*, 103 Ga. App. 538 (119 SE2d 813) (1961) (lack of jurisdiction appearing on face of the foreign record introduced by the judgment creditor). As a general proposition, the cases thus hold that where a properly authenticated copy of a foreign judgment or record is introduced and the lack of jurisdiction does not appear on its face, the plaintiff has made out a prima facie case which the defendant must then rebut or suffer the entry of a domestication judgment against him. *Minor v. Lillie Rubin, Inc.*, 84 Ga. App. 112 (65 SE2d 691) (1951). See also *Sullivan v. Douglas Gibbons, Inc.*, 58 Ga. App. 708 (199 SE 554) (1938), aff'd 187 Ga. 764 (2 SE2d 89) (1939).

The cases recognize but one exception to this general rule. That exception exists when, on the face of such evidence as is introduced by the judgment creditor, it appears that the foreign judgment was entered against a nonresident of the forum state. "[W]here a judgment has been entered every presumption in favor of its validity must be indulged. This, of course, includes the inference that the court in which the judgment was entered had jurisdictional authority necessary for the purpose. However, the rule is not applicable in [every] case. 'In suing on a judgment of a court of another state, if the decla-

ration, petition, or complaint shows that the court rendering it was a court of record or court of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or the subject matter, or to set out the facts conferring jurisdiction, as this will be presumed until disproved. (But) the rule has been held otherwise, however, where the record [in the foreign case] *shows that the judgment was against a nonresident.'* [Cits.]" (Emphasis supplied.) *Hartsog v. Robinson*, 115 Ga. App. 824, 826-827 (156 SE2d 141) (1967). See also *Lurey v. Jos. S. Cohen &c. Co.*, 86 Ga. App. 356 (71 SE2d 689) (1952).

Unlike *Lurey v. Jos. S. Cohen &c. Co.*, supra at 363, appellant did not introduce an "enlarged" judgment roll consisting of the entire foreign record. The Louisiana judgment introduced by appellant does not show on its face that appellee was, at the time it was entered, a nonresident of that state. Thus, the instant case comes within the general evidentiary rule that jurisdiction of the foreign court will be presumed until disproved (*Heakes v. Heakes*, supra; *Minor v. Lillie Rubin, Inc.*, supra), rather than within the exception requiring additional proof as to the existence of jurisdiction. *Hartsog v. Robinson*, supra; *Lurey v. Jos. S. Cohen &c. Co.*, supra.

2. The trial court in the instant case relied upon *Ramseur v. American Mgt. Assn.*, supra, as authority for its ruling on the cross-motions for directed verdict. It is true that there is language in *Ramseur* which, if considered in isolation, would appear to intimate that a foreign judgment debtor can *never* prove a prima facie case for domestication merely by producing a duly certified and attested copy of his judgment. "The mere proof or admission of the fact of a duly certified and attested foreign judgment (see [OCGA § 24-7-24 (a)]) is not prima facie proof of anything except that the judgment was rendered and this fact is not an issue on the collateral attack. Where collateral attack has been made on the judgment, for lacking that element which is necessary before the foreign judgment will be given full faith and credit in this state ([cit.]), the burden must be on he who would nevertheless have it enforced to prove that it is good under the laws of the state where rendered." *Ramseur v. American Mgt. Assn.*, supra at 342.

There can be no doubt that, as the plaintiff in an action to domesticate a foreign judgment, the judgment creditor has the burden of proving his judgment is good under the laws of the state where rendered. The issue under consideration is, however, the manner in which that evidentiary burden may be met. As discussed in Division 1, if on the face of the foreign judgment, neither the lack of jurisdiction nor the nonresidency of the judgment debtor appears, a prima facie case for domestication has been made. We have examined the record in *Ramseur*. Unlike in the instant case, the evidence in *Ram-*

*seur* did not consist merely of the judgment itself. Instead, the judgment creditor in *Ramseur* introduced an "enlarged" judgment roll which, as in *Lurey v. Jos. S. Cohen &c. Co.*, supra at 363, showed "on its face that the judgment was rendered against a non-resident of [the forum state], resident of Georgia. . . ." *Ramseur* thus was clearly a case coming within the exception to the general rule, and the evidence relied upon by the judgment creditor therein did not demonstrate a prima facie case absent additional proof as to the existence of jurisdiction. Accordingly, although the language appearing in *Ramseur* and quoted above is perhaps overly broad for the facts of that case, under the evidence therein, the judgment creditor had no valid presumption of the existence of jurisdiction upon which to rely.

Moreover, *Ramseur* involved a motion for summary judgment. The burden is always on the movant for summary judgment, even as to such issues as the non-moving party might have the burden of proof at trial. *Price v. B-Line Systems*, 129 Ga. App. 34 (198 SE2d 328) (1973). It necessarily follows that when a collateral attack is raised as a defense in an action for domestication of a foreign judgment, the plaintiff-judgment creditor, in order to meet his burden as a successful movant for summary judgment, would be required to negate this defense. The mere production of evidence of the entry of a *default* judgment, which evidence *also* shows on its face that it was entered against a *nonresident*, would not meet the movant's burden. Such evidence would not negate the defendant's underlying right to pursue a collateral attack. A foreign judgment may be collaterally attacked for lack of jurisdiction whenever the defendant did not contest that issue in the foreign court, which circumstance would necessarily exist in the case of a default judgment. See *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (1) (265 SE2d 848) (1980). Not even a presumption of the existence of jurisdiction would arise from such evidence as was produced in *Ramseur*. Accordingly, considering its summary judgment posture as well as its facts, the holding in *Ramseur* was correct.

*Mid-Ga. Bandag Co. v. Nat. Equip. Rental*, supra, was also relied on by the trial court in the instant case. It was likewise decided on summary judgment. Therein, the foreign judgment creditor did *not* rely solely on the judgment itself to evince jurisdiction. This court did not hold that the additional proof was otherwise necessary to establish a prima facie case. Instead, this court merely held that *Ramseur* was distinguishable because the additional proof *had* been submitted. *Mid-Ga. Bandag Co. v. Nat. Equip. Rental*, supra at 69.

3. The evidentiary issue in the instant case arises in neither the factual nor the procedural context which existed in *Ramseur*. Compare also *Superior Fertilizer & Chemical v. Warren*, 162 Ga. App. 595 (292 SE2d 430) (1982); *City of Alma v. Benham*, 170 Ga. App. 143

(316 SE2d 477) (1984); *Dunn v. Blair,* 173 Ga. App. 760 (328 SE2d 227) (1985). *At trial,* appellant, as OCGA § 24-7-24 authorized it to do, produced only an authenticated copy of its Louisiana judgment rather than an "enlarged" judgment roll. The lack of jurisdiction did not appear on the face of the judgment nor did any fact regarding appellee's possible nonresidency. Accordingly, jurisdiction "will be presumed" (*Heakes v. Heakes,* supra at 863 (3)), and appellant's evidence thus showed a prima facie case for domestication. *Minor v. Lillie Rubin, Inc.,* supra. The burden then shifted to appellee to produce rebuttal evidence to the effect that, pretermitting the facial presumption of the enforceability of the Louisiana judgment, appellant was nevertheless not entitled to rely entirely upon that presumption in order to secure the extension of full faith and credit by this state. Appellee did not attempt to meet this burden. The trial court erred in granting appellee's motion for directed verdict and in failing to grant a directed verdict in favor of appellant. *Minor v. Lillie Rubin, Inc.,* supra.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 11, 1985.

*Michael C. Cherof,* for appellant.
*Harlan M. Starr,* for appellee.