77773. OMNI OUTDOOR ADVERTISING, INC. v. DURDEN.

(376 SE2d 224)

McMurray, Presiding Judge.

Plaintiff Durden entered into an agreement whereby he leased certain real property to Watts for use as a tire and automotive maintenance, service and sales outlet. The term of the lease, including extensions available at the option of the tenant, was from March 1, 1980, to February 28, 1989. The lease granted to the tenant, Watts, the right to assign the lease to his own business operation or to sublet the premises. On June 9, 1980, Watts executed an assignment of his lease of the premises from plaintiff to "Dee's Recaps Number Two, Inc."

In September 1981 defendant Omni Outdoor Advertising, Inc., entered into a lease agreement whereby it purported to lease from George D. Richardson a portion of the premises for the purpose of erecting, illuminating and maintaining an advertising structure (sign). In the sign lease Richardson warranted that he was the lessee of the premises with full authority to make the sign lease. Thereafter in

1982 defendant proceeded to erect its sign on the premises and operate same in an open and notorious manner.

In August 1987 plaintiff sent defendant two letters demanding that defendant immediately remove its sign because of an impending sale. Defendant scheduled the removal of the sign but when defendant's sign removal crew appeared at the premises, the sign had already been removed.

Plaintiff filed this trespass action alleging that defendant illegally and unlawfully erected its sign, and seeking actual and punitive damages. Defendant answered denying the averments of plaintiff's complaint. Defendant also filed its counterclaim seeking damages for the conversion of its sign.

Plaintiff filed his motion for partial summary judgment contending that there is no genuine issue as to any material fact and averring that he is entitled to judgment as a matter of law, on the issue of liability as appears from the pleading, depositions, admissions on file and his affidavit. The state court's order granted plaintiff's motion for partial summary judgment "as to the issues of liability and the question of the issue of damages remains for determination." Defendant appeals and enumerates as error the grant of plaintiff's motion for partial summary judgment. *Held*:

Defendant presented evidence that Richardson "operated a tire recapping business known as Dee's Recaps for a number of years" on plaintiff's real estate. Plaintiff's affidavits state that he never consented to defendant erecting its sign and that Richardson did not lease the premises at issue in 1980 or 1981. We note that the term of the lease between Richardson and defendant did not commence on its date of execution in 1981 but "on the date of construction," that is, in 1982. Thus, there is no evidence negating the possibility that the premises were sublet to Richardson prior to the erection of the sign in 1982.

"On motion for summary judgment, the burden of proof is squarely on the moving party . . . and does not shift to the respondent unless the movant, by affidavits or other evidence, shows a prima facie right to such judgment." *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340, 342 (270 SE2d 880). In the case sub judice, plaintiff failed to establish his prima facie case. There are genuine issues of material fact as to Richardson's authority to execute the sign lease. It follows that an issue for the jury remains as to whether defendant was a trespasser. Since these and additional genuine issues of material fact remain, the state court erred in granting plaintiff's motion for partial summary judgment.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 28, 1988.

*Maddox, Maddox & Maddox, Lynwood A. Maddox, Jr.*, for appellant.

*E. Graydon Shuford & Associates, E. Graydon Shuford*, for appellee.